STATE BANK OF EAU GALLIE, a banking corporation organized and existing under the laws of the State of Florida, and L. W. SMITH, as Receiver of State Bank of Eau Gallie, a banking corporation, *Plaintiffs in Error*, vs. J. L. RAYMOND and LULU E. RAYMOND, his wife, *Defendants in Error*.

138 So. 40.

En Banc.

Opinion filed November 23, 1931.

*Shepard & Wahl,* for Plaintiffs in Error;
*Hull, Landis & Whitehair,* for Defendants in Error.

ANDREWS, Commissioner:—This case is here upon writ of error to the Circuit Court of Brevard County based upon a final judgment entered pursuant to the entry of a default. The main question presented for consideration is whether or not the trial court committed reversible error in denying the motion of defendants to set aside the default entered against them.

The declaration was filed December 20, 1928, and a default was entered against defendants on January 8, 1929; and on January 29, 1929, the motion to vacate and set aside the default with supporting affidavits setting up the grounds of defense, were filed. They were thus filed before the final judgment had been entered, and within the sixty days allowed by Section 4287, C. G. L. 1927, in actions at law.

A hearing was had before the Court and the testimony was confined exclusively to the question as to the reasons given by defendant for not filing the appearance to Law Action No. 1879; it was shown that appearance in Law Case No. 1880 between the same parties was duly filed and that they are companion cases brought at the same time and grew out of practically the same transaction.

On February 2, 1929, an order was entered overruling

the motion of defendant to vacate the default and a final judgment was thereupon entered upon proof of claim; and another order was entered on April 14, 1929, directing the Receiver to certify the judgment claim to the State Comptroller. A motion was made by defendant to set aside final judgment which was denied and writ of error was taken to this Court

The controlling question presented here for review is whether or not the trial Judge transcended his judicial discretion in refusing to vacate the default upon the motion, records and facts submitted upon that question.

The general rule in this State, which is fairly well defined, is that in moving to vacate a default the defendant should at least present, (1) facts reasonably excusing the failure to appear, (2) show by plea or affidavit or otherwise, facts which constitute a good defense to the merits of the case set up by the declaration, (3) and offer to go to trial at once upon a material issue. Morgan vs. Marshall, 78 Fla. 59, 82 So. 609; Benedict v. W. T. Hadlow Co., 52 Fla. 188, 42 So. 239. The latter case further states the principle that:

"Whether a default properly entered should be set aside is for the determination of the Court in the exercise of a sound judicial discretion, upon a consideration of all the facts and circumstances of the particular case which would show the good cause required by the statute."

The "affidavit of facts" presented in support of the motion to set aside the default in the above case stated that "through inadvertance she did not retain an attorney to represent said suit and enter her appearance", and that there was no claim that she had retained or supposed she had retained any attorney before or after the service of summons on her and before default was entered, and that "no attempt is made to justify or to explain the admitted inadvertance, and as a consequence the defendant has not made a showing of the good cause required by the statute

sufficient to disclose a gross abuse of judicial discretion in denying the motion to set aside the default''.

In the instant case defendants have undertaken to explain the inadvertence and misapprehension of defendant Receiver which he testifies was largely caused by the wrong service made upon the Receiver's wife, and the fact that summons in two suits between the same parties were being served at the same time. Under all the circumstances as shown by the motion to vacate the default and the evidence taken in support thereof it cannot be reasonably said that they exhibit gross negligence on the part of the Receiver or his counsel. The undisputed evidence as showing the reasons for the failure to file the appearance in Case No. 1879, are such as may cause a reasonably prudent person to become confused, especially coming as a consequence of closing a bank under the financial condition of this state in 1928.

There can be no question that the general rule is that an application or motion to set aside a default is in the sound discretion of the trial court under Sec. 4287, C. G. L. 1927, which provides that ''The Court may for good cause shown'' set aside a default and allow the defendant to demur or plead when the motion is filed within 60 days from the entry of such default. Even when the sworn testimony as to the facts are transcribed and presented with the pleas and affidavit of facts to this Court for review, as in the instant case, a presumption must nevertheless be indulged in favor of the discretion of the trial court; but such ruling does not necessarily become conclusive, as this discretion is the subject of review on appeal. Tidwell v. Witherspoon, 18 Fla. 282; 15 R. C. L. 720. Sec. 174.

The affidavit of Facts constituting the defense, filed by defendant L. W. Smith as Receiver at the time of filing motion to vacate the default, states in substance, that; The State Bank of Eau Gallie on November 12, 1926, increased

its capital stock, and that plaintiff, J. L. Raymond, subscribed for 100 shares at $120.00 per share, (attaching copy of the subscription signed by him); that the accounts of plaintiffs, J. L. Raymond and Lula E. Raymond, his wife, were maintained in the bank jointly or in the name of the Service Garage and that both accounts were "handled exclusively under the direction of both plaintiffs *by J. L. Raymond;*" that on January 21, 1927, J. L. Raymond directed that a checking account in the name of the Service Garage in the amount of $1,502.47 be transferred from the Service Garage account to the savings account of J. L. Raymond and Lula E. Raymond, his wife, for the purpose of taking care of a check which he was giving in payment of the stock aforesaid; that "said check was authorized by the said J. L. Raymond to be signed by G. E. Spires," who was then the Cashier of the said Bank and the same was so signed January 22, 1927, and charged against the plaintiff's account—(a copy of the deposit slip and check being attached as exhibits); that on February 10, 1927, said J. L. Raymond received the certificates of stock for 100 shares as per his subscription to said stock and receipted for same in his name, (copies being attached); that on March 5, 1927, J. L. Raymond sold 20 shares of his said stock to John I. DeWitt, signing the stock certificate (copy attached); that on June 18, 1928, and for a long time prior thereto, the said Bank was not indebted to the plaintiffs in any amount nor now; that affiant is now advised that plaintiffs claim that they did not authorize said transaction and that the money paid for the said stock belonged to Lula E. Raymond, wife of said J. L. Raymond; that because of the foregoing and because of the further fact that from the time said Raymond purchased said stock up to and including a few months before this suit was filed, on December 20, 1928, the said plaintiffs received regularly from the Bank statements showing the condition of their accounts, and showing that $12,000.00

had been charged against their account which was the subscription price of the 100 shares of stock, that they are now estopped from denying said transaction; that affiant's first information of denial of the authenticity of said transaction and an attempt to repudiate same was made after rumors were circulated in the City of Eau Gallie that an assessment was to be made on the stock in order to carry the said Bank through the Summer of 1928; and that plaintiffs filed this and one other suit to recover the funds which were covered by these checks and used to purchase the stock.

It will be noted that the declaration alleges that the Service Garage account was only subject to the check of J. L. Raymond, Manager, and that on said June 18, 1928, a check was drawn on that account by said J. L. Raymond for $1,502.47, and a demand made on the Bank to pay said amount but that said Bank failed and refused to pay said amount or any part thereof; that thereafter, on July 11, 1928, said L. W. Smith was appointed Receiver of said Bank, and that on November 22, 1928, plaintiffs filed their claim which was refused and that plaintiffs thereupon obtained leave of the Court to sue said Receiver. There are also several common counts in the declaration, among them a count "for money lent by the plaintiffs to the defendants", and one "for money found to be due from defendant to plaintiffs on account stated between them," etc.

Admitting that a reasonable excuse for failure to file appearance has been shown by the testimony and records, the affidavits in support of the plea offered would still have to show a good defense to the declaration otherwise there would be no cause to open the default to permit a useless or an inadequate defense. Russ v. Gilbert, 19 Fla. 54; 15 R. C. L. 718, 719.

While a specific denial of material allegations upon which the alleged liability rests is usually deemed sufficient, it is not necessary that the defense should go to the entire

action; and it is sufficient if it purports to defeat any substantial part of plainiff's claim. 34 C. J. 338-339; 15 R. C. L. 559, Sec. 170.

The general rule also requires that the plea filed with the motion and supporting affidavit must present an *issuable plea* to *the merits,* meeting fully the matters alleged in the declaration or some distinct and issuable part of it, by averments "made on knowledge", and not only on information and belief, and if the plea or answer fails to state a defense the motion is properly overruled. See 34 C. J. 342-343; and authorities there cited. No question has been raised that the pleas offered which allege that defendants were "never indebted as alleged" and that they "did not promise as alleged," do not state issuable facts, or state a defense if sustained by proofs.

We are of the opinion that a careful examination of the contents of the affidavit of facts, as made by L. W. Smith from his own knowledge, the substance of which are given above, that such facts, if true, would constitute a good defense to the declaration. "One test of the sufficiency of such an affidavit is whether the party subscribing it as affiant could truthfully swear to everything contained therein and yet there exist no defense to the cause of action." 15 R. C. L. 718, Sec. 170.

The affidavit was made from facts coming within affiants' own knowledge. If we assume that the Raymonds did not specifically authorize Spires, the cashier, to sign and charge the $1502.47 check of January 22, 1927, to their Service Garage account, it nevertheless appears from the affidavit of facts made in support of the motion to vacate, that J. L. Raymond did receive and receipt for the 100 shares of stock on February 10, 1927, for which he subscribed, and regularly received statements from the bank showing the condition of their accounts. The affidavit also states that 20 shares of the same stock was sold to one DeWitt immediately after Raymond received them.

If the above transactions, which appear to be based upon attached copies of records made in due course, are true, the plaintiffs should not be heard to deny that they authorized the stock purchase for which the said $1502.47 apparently was applied as a portion of the payment, and for which transaction no complaint appears to have been noted until about the time the stock assessment was rumored, which preceded the closing of the bank about a month later.

The evident purpose and intent of the Rule requiring an appearance to be filed in a case on or before a fixed date or suffer a default was that justice should be administered with as little delay as possible. It was not intended that a default should be enforced if a "good cause" is shown,—otherwise Section 4287, C. G. L. 1927, would never have been enacted,—and the added requirement,—that a meritorious defense be presented by affidavit or other legal method. If a meritorious defense is presented by proper affidavit or by other legal method the question as to the reasonableness of time within which it may be made is fixed by said section at 60 days; and it is shown that the motion to set aside the default was made in the instant case within 21 days, which is well within the time required by the statute, likewise the offer to go to trial at once on a material issue. The only remaining question is whether the affidavit of facts, if true, show a meritorious defense. We have answered that question in the affirmative of which there can scarcely be a reasonable doubt.

Where a default has been entered and a timely application is made to set aside the default and permit a plea or answer on the merits to be filed, and such plea or answer discloses upon its face a good and meritorious defense, as a general rule, if there be any reasonable doubt in the matter, it should be resolved in favor of granting the application and allowing a trial upon the merits of the case. 15 R. C. L. 721, Sec. 175.

The application in the instant case was timely made, and the excuse presented for failure to file appearance is such as may, under the circumstances, cause any reasonably cautious and prudent person to be misled into the failure to file appearance in Case No. 1879. The defendant also offer to go to trial at once upon a meritorious defense.

The trial court erred in denying the motion of defendant to set aside the default.

Reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below in this cause be and the same is hereby reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.