STURGIS, Judge.
The appellant, plaintiff below, seeks re-view of an interlocutory order vacating a decree pro confesso entered against W. A. Jernigan and Claire C. Jernigan, defendants below, in a suit to foreclose a tax lien certificate upon real property in the city of Crestview, Okaloosa County, Florida. The defendant appellees have not favored this court with a brief in response to the brief of appellant and to that extent both the court and the appellees are handicapped unless, as it may be, the appellees adopt the position that the less said about it the better.
On October 14, 1961, summons ad respondendum was served on defendants Jernigan and on May 10, 1962, decree pro confesso was entered against them for want of answer or other pleading. On June 14, 1962, said defendants moved to vacate said decree pro confesso and tendered therewith an answer to the complaint which alleges no material facts that might not have been pleaded within the 20-day period from date of service allowed by the rule for answering the complaint in due course. The grounds stated in support of the motion to vacate the decree pro confes-so are (1) that process upon defendant W. A. Jernigan was procured in his absence by service upon his wife, defendant Claire C. Jernigan, (2) that the plaintiff (appellant) was concurrently attempting to perfect service upon other defendants in said cause who would not be required to answer the complaint until subsequent to the filing of said motion, so that plaintiff would not be prejudiced by the granting thereof, (3) that plaintiff permitted the case to lie dormant for many months before obtaining said decree pro confesso, and (4) that the property involved is valuable. Assuming these allegations to be true, they do not constitute a legal basis for the entry of the order appealed. Parenthetically, there is nothing to indicate that the appellees will be precluded from an opportunity in due course to redeem the property from the lien of the tax certificate in foreclosure.
The power to set aside a regularly entered decree pro confesso rests upon the exercise of sound judicial discretion. Unless the grounds of the application to open a default are evident on the face of the record, they should be supported by an affidavit of merit made by the applicant himself (People’s Ice Co. v. Schlenker *907 (1892), 50 Minn. 1, 52 N.W. 219; and where no legal excuse is shown for failure to comply with the rules, the fact that a meritorious defense exists is immaterial. Karnes v. Ramey (1926), 172 Ark. 125, 287 S.W. 743, 744. Statements of counsel, without more, as is the case here, are insufficient to support such an application. Davis v. Teachnor (Ohio App.1943), 53 N.E.2d 208, 212.
Finding nothing in the motion to vacate or in the record to indicate that there was any irregularity in the service of process or in the proceedings leading to entry of the decree pro confesso, and no good cause being shown in support of the unverified motion, the order setting aside the decree pro confesso is without lawful basis. White v. Spears (Fla.App.1960), 123 So.2d 689; Chaney v. Headley (Fla.1956), 90 So.2d 297.
The order appealed is hereby vacated.
Reversed.
WIGGINTON, Acting C. J., and RAWLS, J., concur.