PER CURIAM.
Alan M. Blank, Inc., a funeral home, appeals a final judgment of the circuit court revoking its State license pursuant to Chapter 470, Fla.Stat., F.S.A. The appellant urges that the trial judge erred in denying its petition for a rehearing. The record reveals that the appellant twice moved for and was granted a continuance. When the cause ultimately was heard, appellant’s attorney appeared but, on instructions of his client, presented no witnesses and refused to cross examine. One hour after the hearing had been concluded, a messenger presented to the court a doctor’s certificate stating that the physical condition of the president of the defendant corporation was such that he could not be present at the hearing. The court entered its judgment finding the appellant guilty *311 of the charges contained in the complaint and revoking appellant’s license. The judgment included the following provision:
“4. That the Defendant may within a period of ten days from the date of this order, petition the court to introduce any mitigating circumstances to seek relief from this permanent injunction.”
The record before this court does not include a transcript of the evidence taken before the trial judge. The record does reveal that the appellant declined to present facts in mitigation of the penalty imposed. Instead, the appellant filed a petition for a rehearing and two affidavits, one by the president of the appellant corporation, and one by appellant’s new attorney. The substance of the petition for rehearing is contained in paragraphs eight and nine of the president’s affidavit.
“8. Subsequent to the granting by the Court of a continuance of the May 19 hearing, I again relied upon the advice of my attorney that all necessary arrangements would be made and that it would not be necessary for me to be in Florida more than a day or two prior to the hearing. I further assumed during this period of time that my second attorney was preparing the case for trial and I believed that the two lawyers would inform me as to any requirements necessary on my part with respect to either appearances in Florida or the employment of counsel outside Florida for depositions.
“9. I arrived in Miami Beach, Florida, on Sunday, July 2, 1967. I was ill at the time of my arrival and went to bed immediately. I remained in bed ill for approximately six days. I was examined on July 5 by Dr. Donald Martin Kass, a physician practicing in Miami Beach. Dr. Kass advised me my condition was such that I should not attempt to appear in Court. I obtained from him a statement to this effect. A photocopy of said statement is attached to and made a part of this Affidavit.”
The trial judge denied the petition for rehearing.
The appellant has failed to establish an abuse of discretion by the trial court. Cf. Lewis v. Jennings, Fla.1953, 64 So.2d 275. Our conclusion is reinforced by appellant’s failure to include in the affidavits accompanying the motion for rehearing any allegations in support of the contention that it had a meritorious defense to the action. Cf. State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931).
Affirmed.