212 So.2d 331 (1968)
VIKING SUPERIOR CORPORATION, Appellant,
v.
W.T. GRANT COMPANY, James C. Smith d/b/a Smith Plumbing Company, Formerly Fleming and Smith Company, Appellees.
No. K-38.
District Court of Appeal of Florida. First District.
July 16, 1968.
Alan B. Fields, Jr., of Jones & Sims, Pensacola, for appellant.
No appearance for appellees.
*332 WIGGINTON, Chief Judge.
Appellant seeks review by interlocutory appeal of an order denying its motion to quash substituted service of process made upon it. By its appeal it contends that the trial court erred in denying its motion and retaining jurisdiction over it.
Appellee, W.T. Grant Company, brought this action against appellant, Viking Superior Corporation, alleging that Viking negligently manufactured a hot water heating unit sold by it to Grant's plumbing contractor and installed in its building, as a result of which negligence the heating unit exploded causing extensive damage for which Grant seeks judgment. The complaint alleges that Viking is a nonresident corporation engaged in business ventures in the State of Florida in that it has caused its representatives, agents, and employees to promote its products and advise and consult with prospective buyers and aid in the sales and distribution of its products within this state. Substituted service of process was made upon Viking pursuant to the authority of Sections 47.13-47.30, F.S., by serving the Secretary of State. The applicable statute effective at the time service was made is in pertinent part as follows:
"(1) The acceptance by any * * * foreign corporations * * * of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, * * * shall be deemed equivalent to an appointment by such * * * corporations of the secretary of state of the state as the agent of such * * * corporations upon whom may be served all lawful process in any action * * * arising out of any transaction or operation connected with or incidental to such business or business venture, * * *."[1]
Viking filed its sworn motion to quash the service of process upon it and to dismiss the complaint on the ground that it had never done business nor engaged in a business venture in Florida and, therefore, was not amenable to substituted service of process under the provisions of law pursuant to which service was made in this case. In support of its motion Viking submitted an affidavit executed by its president which averred that Viking is a New York corporation engaged in business in that state; that it is not qualified to do business nor has it in fact transacted business in Florida; that it maintains no office nor has any agents, employees, bank accounts, books of record, telephone listings, nor goods stored within this state; that it is not a landlord in nor does it pay any bills from Florida, nor do any of its officers reside or have offices in nor does the corporation own any property of any kind within this state. The affidavit further avers that Viking had no business transaction relating to the hot water heating unit described in the complaint with any person, company, or corporation in Florida, but on the contrary the unit was purchased by Grant's plumbing contractor from a Virginia corporation to whom Viking sold the heating unit and upon whose instructions the unit was shipped direct to Grant's contractor in Florida for installation. No evidence by way of affidavit or otherwise was submitted by Grant, nor by any other party to the cause, in support of the validity of the substituted service of process made on Viking, nor was any proof adduced in opposition to the affidavit proof submitted by Viking in support of its motion to quash service.
After hearing, the trial court denied Viking's motion to quash the service of process and dismiss the complaint by an order which recites:
"ORDERED AND ADJUDGED that the Motion of VIKING SUPERIOR CORPORATION be and the same is hereby denied on the basis that the *333 Movant's affidavits were insufficient to quash service of process, Affiant not being personally present and available for cross-examination."
From the allegations of fact contained in Viking's sworn motion to quash the service made upon it, and the averments of fact contained in the affidavits submitted by Viking in support of its motion, it affirmatively appears that Viking made a prima facie showing that it was not, and is not now, engaged in business or a business venture in the State of Florida within the meaning and intent of the statute authorizing substituted service of process on nonresident corporations and therefore it is not amenable to such service of process as was made by Grant under Chapter 47, F.S. Upon such showing, the burden shifted to Grant to support the allegations of its complaint and to clearly show facts sufficient to sustain the propriety of the substituted service of process on defendant.
In Fawcett Publications, Inc. v. Rand[2] the Third District Court of Appeal, in construing Chapter 47, F.S., said:
"* * * Since this statute provides a method of substituted service of process in lieu of personal service, it must be strictly construed, and one invoking its provisions has the burden of presenting a situation that clearly justifies its application. * * *
* * * * * *
"The record in this case fails to disclose that the appellee has met the burden of presenting facts sufficient to justify the method of substituted service prescribed by §§ 47.16 and 47.30, supra."
It was not sufficient for Grant to merely allege in its complaint that Viking was engaged in business in Florida, but when the legality of the substituted service of process was questioned by Viking's motion to quash and the proof submitted in support thereof, Grant had the burden of clearly showing by competent proof that the allegations of its complaint justifying the application of the statute were true. In passing upon a similar situation as that present in the case sub judice, and in directing that substituted service of process upon the defendant in that case be quashed, the Second District Court of Appeal in Fawcett Publications, Inc. v. Brown[3] said:
"* * * We note that the affidavits submitted by Fawcett in this case contain substantially the same statements as are detailed in Fawcett v. Rand, supra. The principal distinguishing feature here is the fact that in this case the plaintiff relied upon its allegations and failed to substantiate them by affidavit containing statements of fact, or by other proof. Thus, the plaintiff failed to meet his burden of presenting a situation that clearly justifies the method of substituted service of process in lieu of personal service authorized under the circumstances enumerated in § 47.16, Florida Statutes, F.S.A."
The two Fawcett decisions cited above were approved by the Supreme Court in Young Spring & Wire Corp. v. Smith[4] when it quoted with approval from the Brown case as follows:
"* * * A plaintiff must substantiate the jurisdictional allegations of a complaint in effecting substituted service `* * * by affidavit containing statements of fact, or by other proof.'"
Although the order denying appellant's motion to quash the substituted service made upon it is not entirely clear, it is susceptible of the interpretation that the trial court considered Viking's affidavit *334 submitted in support of its motion to be insufficient only because the affiant who executed the affidavit was not personally present and available for cross-examination. If such was the reason which motivated the trial court in concluding that the motion to quash the service should be denied, it is our view that the order is clearly erroneous.
The rules of civil procedure effective in this state provide that the defense of insufficiency of service of process may be made by motion at the option of the pleader.[5]
It appears to be the settled law of this state that unless a motion is grounded on facts that are either apparent from the face of the record or papers filed in the case, or within the judicial knowledge of the court, it must be supported by affidavits or other proofs.[6]
The learned authors of the chapter on Motions, Affidavits and Orders in § 13.6 of their article contained in Florida Civil Practice Before Trial have said:
"Where facts which are not yet a part of the record are necessary, then affidavits may be used. Even though affidavits may be used to establish necessary facts which are de hors the record, nevertheless they should be used as sparingly as possible. Facts de hors the record usually need not be used, except in connection with motions for summary judgment."
The generally accepted and approved method of supporting and proving the allegations of a motion is by the vehicle of affidavits.[7]
From the foregoing it is our view and we so hold that affidavit proof is an acceptable method of establishing and supporting the grounds of a motion to quash service of process under the laws and rules of practice effective in this state, and it is not necessary that the affiant or affiants executing such affidavit or affidavits be personally present before the court and available for cross-examination as a condition precedent to a consideration of such affidavits. The action by the trial court in rejecting and holding insufficient the affidavits submitted by Viking in support of its motion to quash merely because the affiant was not present before the court and available for cross-examination at the time of the hearing was erroneous and must be disapproved.
The order appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] § 47.16, F.S.  Chapter 57-747, Laws of Florida, Acts of 1957.
[2] Fawcett Publications, Inc. v. Rand, (Fla. App. 1962) 144 So.2d 512, 514.
[3] Fawcett Publications, Inc. v. Brown, (Fla.App. 1962) 146 So.2d 899, 900, 901.
[4] Young Spring & Wire Corp. v. Smith, (Fla. 1965) 176 So.2d 903, 905.
[5] Rule 1.140(b) (5), R.C.P., 30 F.S.A.
[6] 23 Fla.Jur. 4, Motions and Orders, § 4.
[7] 60 C.J.S. 25 Motions and Orders § 22.