OWEN, Judge
(dissenting).
I am of the view that the lower court abused its discretion in denying plaintiff’s motion to vacate the order of dismissal with prejudice.
*368 The order of dismissal was entered on an ex parte basis upon motion, copy of which had not been served upon plaintiff’s counsel. The basis of the motion was that plaintiff had failed to comply with an order of court thereby entitling defendants to have the complaint dismissed with prejudice pursuant to present Rule 1.420(b), F.R.C.P. The order with which plaintiff failed to comply was an order granting plaintiff leave to file an amended complaint. Such order did not rule upon the defendants’ then pending motions to dismiss the complaint, and such order did not in fact dismiss the complaint. Under these circumstances the plaintiff’s failure to file an amendment or an amended complaint is not a basis for dismissal with prejudice for failure to comply with a court order. Nenow v. Ceilings & Specialties, Inc., Fla. App.1963, 151 So.2d 28; Sapienza v. Karland, Inc., Fla.App.1963, 154 So.2d 204.
The state of the record when this matter was brought before the trial judge on ex parte hearing obviously was not called to his attention and this is the type of mistake which should justify relief under Rule 1.540, F.R.C.P.
Equally important, the motion disclosed sufficient facts to clearly show that the reason for the failure to file an amended complaint was due to oversight of counsel rather than an intentional disregard of the court’s order. In the absence of either a willful disregard of the court’s order or an act of gross negligence on the part of counsel, courts should be liberal in granting relief under Rule 1.540(b), North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So. 2d 849, lest strict enforcement of the letter of rules of practice defeat the administration of justice. Davis v. Evans, Fla.App.1961, 132 So.2d 476. Even a reasonable doubt should be resolved in favor of a trial upon the merits. State Bank of Eau Gallie v. Raymond, 1931, 103 Fla. 649, 138 So. 40.
It seems to me that the ends of justice would best be served by reversing the order denying the motion to vacate.