296 So.2d 81 (1974)
Danny Ray METCALF et al., Appellants,
v.
Betty M. LANGSTON and Claude Langston, Jr., Appellees.
No. V-144.
District Court of Appeal of Florida, First District.
June 18, 1974.
E. Harper Field, of Keen, O'Kelley & Spitz, Tallahassee, for appellants.
James W. Grimsley, of Smith, Tolton, Grimsley & Barron, Fort Walton Beach, Stanley Bruce Powell, of Douglass & Powell, and William F. Daniel, of Cotten, Shivers, Gwynn & Daniel, Tallahassee, for appellees.
BOYER, Acting Chief Judge.
We have for review an order of the Circuit Court denying a motion to vacate and set aside a default entered against Southern Farm Bureau Casualty Insurance Company, appellant.
In State Bank of Eau Gallie v. Raymond, 1931, 103 Fla. 649, 138 So. 40, the Supreme Court of Florida, citing and quoting from Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239, said:
"`Whether a default properly entered should be set aside is for the determination *82 of the court in the exercise of a sound judicial discretion, upon a consideration of all the facts and circumstances of the particular case, which would show the good cause required by the statute.'" (138 So. at page 41)
Reversing the trial court the Supreme Court further said:
"Where a default has been entered and a timely application is made to set aside the default and permit a plea or answer on the merits to be filed, and such plea or answer discloses upon its face a good and meritorious defense, as a general rule, if there be any reasonable doubt in the matter, it should be resolved in favor of granting the application and allowing a trial upon the merits of the case. 15 R.C.L. 721, § 175" (138 So. at page 43)
Probably the most often cited case relative to vacating defaults is Coggin v. Barfield, 1942, 150 Fla. 551, 8 So.2d 9, wherein the Supreme Court of Florida said:
"Authority for the vacation of a default `for good cause shown' and to allow the defendants to plead, or even demur, is found in Section 4287, C.G.L. 1927. It is the rule that the opening of judgments is a matter of judicial discretion and `in a case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.' 31 Am.Jur., Judgments, Section 717. As it is expressed in Florida Common Law Practice (Crandall) Section 54, `the courts are reasonably liberal in granting motions to set aside defaults.' As long ago as 1863, Waterson v. Seat and Crawford, 10 Fla. 326, 331, this court announced the `tendency of the Courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense.' Even more liberal construction in favor of the defendant was given in Russ v. Gilbert, 19 Fla. 54, 57, where it was written that it would be gross abuse of discretion not to allow a defendant to present his defense if he had a meritorious one, was innocent of `culpable negligence' and willing to plead and to `go to trial without delay.'
"The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impending the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.
"There seems to have been no occasion for the procedure followed in order to save the plaintiff from any dilatory tactics by the defendant. The plea was one placing the cause at issue and it was known to be of that character when the default judgment was entered. The clerk and the attorneys for the plaintiff were aware, too, that the pleading would be filed in the correct court as soon as it could reach there by mail. The record is free of any indication that an immediate trial court not have been held." (8 So.2d at page 11)
Of more recent vintage is North Shore Hospital, Inc. v. Barber, Sup.Ct.Fla. 1962, 143 So.2d 849. In that case default was entered on March 10, 1960 and a motion to set aside the default was filed March 15. Accompanying the motion was an affidavit wherein it was alleged that the complaint had been served on the president of the hospital who turned it over to the administrative offices of the hospital for transmission to the insurance carrier. The administrative office, through inadvertence, misplaced the complaint, as the result of which it was not transmitted to the insurance carrier. This mistake was not discovered until March 14, 1960, whereupon the insurance company was immediately notified *83 and counsel engaged to defend the action. The trial court granted the motion to set aside the default, which order was reversed on appeal to the Third District Court of Appeal, that court holding that the petitioner's motion to vacate together with the accompanying affidavit failed to disclose sufficient good cause to set aside the default inasmuch as the inadvertence of the hospital staff did not constitute excusable neglect. The Supreme Court reversed the District Court of Appeal, citing each of the cases hereinabove mentioned (and others), saying:
"In the Waterson case, the defendant had moved to set aside a default decree entered against him, asserting by affidavit that he had placed the complaint in the hands of his attorneys, who, for reasons unknown to him, never filed an answer. The Circuit Court denied the motion and this court reversed, holding that the defendant was not guilty of culpable negligence. In a headnote by the court, the following rule was laid down:
`Whether a default should be opened, must depend on all the facts and circumstances connected with the case. If the party be guilty of Gross negligence, the default will not be opened.' (Emphasis supplied.)
"The court also stated that `* * * it is the tendency of the courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense.' Those lines were penned in 1863. When they are compared with the decision of the District Court herein, It gives cause to wonder how much progress we have made in the last hundred years toward liberalizing rules of procedure so as to achieve substantial justice." (1943 So.2d at pages 853 and 854)
This Court, in Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. (1st) 1964, 160 So.2d 733, stated that the exact circumstances which might constitute excusable neglect, mistake or inadvertence, allowing a default to be set aside, are not precisely defined but depend upon all factors of the case; but that the general rule is that relief from default may be granted within the sound discretion of the trial court upon a showing of existence of meritorious defense and legal excuse for failure to comply with the rules.
We now turn to the facts in the case sub judice to determine how they square with the rules announced in the above cited cases.
The plaintiffs below, appellees here, brought suit in the Circuit Court of Wakulla County against Danny Ray Metcalf and other individual defendants alleging injuries sustained in an automobile accident resulting from the defendants' negligence. In due course the complaint was amended to add appellant Southern Farm Bureau Casualty Insurance Company as an additional party defendant, claiming that it insured the individual defendant's vehicle which was involved in the accident. Summons was issued and served in the manner provided by our statute on the Insurance Commissioner on November 13, 1973. A motion for default was filed on December 7, 1973, and a default was entered on December 10. A motion to set aside the default was filed by appellant on January 3, 1974, which motion was denied by order dated January 15, 1974. This interlocutory appeal followed.
We have examined the record and find that the motion to set aside the default alleges in substance that upon service of process being effected upon the Insurance Commissioner, the amended complaint and summons were mailed to appellant's office in Jackson, Mississippi "and thereafter were inadvertently delayed and were not received in the Florida office until December 26, 1973." The claims' manager immediately telephoned the carrier's attorney who attempted to contact the plaintiffs' attorney *84 but was unable to reach him until December 27, 1973. He was then informed that default had already been entered.
The "wherefore" clause of the motion requests that the default be set aside and thereafter contains the following recitation:
"* * * and in addition to the inadvertence previously alleged, states that this defendant has a meritorious defense, more specifically that there was not a policy of insurance in force and effect at the time of the alleged cause of action complained of that would be applicable to the plaintiff's claim. Furthermore, such defendant is willing to go to trial on the merits on the earliest possible date."
It therefore appears that the allegations of the motion, insofar as excusable neglect is concerned, meet the test laid down by our Supreme Court in the cases above cited, particularly North Shore Hospital, Inc. v. Barber, supra. Further, although contained in the prayer of the motion instead of the body thereof, (which is rather unusual from a pleading standpoint) the motion contains an allegation of a meritorious defense and a willingness to immediately proceed to trial.
Were there nothing more to consider we would be constrained to hold that the learned trial judge erred in denying the motion to set aside the default. However, appellees have called to our attention, and we find from the record before us, that appellant's motion to set aside the default, though signed by its attorney, is not under oath and is not accompanied by any affidavit or other proof of the contents thereof. This leads us to a consideration of the procedural aspects of proceedings requisite to vacating and setting aside defaults.
Appellant urges that the motion speaks for itself, need not be under oath nor accompanied by affidavit and requires no further proof, citing Rule 1.030 RCP, 30 F.S.A. We do not so interpret that rule. The pertinent portion of that rule is as follows:
"* * * Except when otherwise specifically provided by these rules or an applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. * * *"
The word "pleadings" is defined in 25 Fla.Jur., Pleadings, § 2 as follows:
"Pleadings are the allegations made by the parties to a suit for the purpose of presenting the issue to be tried and determined. They are the formal statements by the parties of the operative, as distinguished from the evidential, facts on which their claim or defense is based."
In 23 Fla.Jur., Motions and Orders, § 4, is found the following:
"It is generally recognized that statements of facts in a motion are not evidence of the facts related therein and are not self supporting. Unless a motion is grounded on facts that are either apparent from the face of the record or papers on file in the case or within the judicial knowledge of the court, it must be supported by affidavits or other proofs. * * *"
In State v. Board of Control, Sup.Ct. Fla. 1951, 53 So.2d 116, the court said:
"* * * Moreover, the motion is not accompanied by any proof of the matters alleged in the motion  assuming, for the sake of argument only that the averments are sufficient  and it is elementary that a motion is not and of itself proof of the averments therein contained." (53 So.2d at pages 118 and 119)
*85 This Court, in Thomason v. Jernigan, Fla.App. (1st) 1962, 146 So.2d 905, reviewing an order vacating a decree pro confesso in an equity action, said:
"* * * Unless the grounds of the application to open a default are evident on the face of the record, they should be supported by an affidavit of merit made by the applicant himself, People's Ice Co. v. Schlenker (1892), 50 Minn. 1, 52 N.W. 219; and where no legal excuse is shown for failure to comply with the rules, the fact that a meritorious defense exists is immaterial. Karnes v. Ramey (1926), 172 Ark. 125, 287 S.W. 743, 744. Statements of counsel, without more, as is the case here, are insufficient to support such an application. Davis v. Teachnor (Ohio App. 1943), 53 N.E.2d 208, 212.
"Finding nothing in the motion to vacate or in the record to indicate that there was any irregularity in the service of process or in the proceedings leading to entry of the decree pro confesso, and no good cause being shown in support of the unverified motion, the order setting aside the decree pro confesso is without lawful basis. White v. Spears (Fla. App. 1960), 123 So.2d 689; Chaney v. Headley (Fla. 1956), 90 So.2d 297." (146 So.2d at pages 906 and 907)
In Viking Superior Corporation v. W.T. Grant Company, Fla.App. (1st) 1968, 212 So.2d 331, this Court had occasion to consider the procedural method by which service of process could be attacked said:
"The generally accepted and approved method of supporting and proving the allegations of a motion is by the vehicle of affidavits." (212 So.2d at page 334)
Rule 1.030 RCP clearly provides that except when otherwise specifically provided, pleadings as such need not be verified or accompanied by affidavit. However, that does not mean that pleadings speak for themselves. The pleadings in a cause, under the Florida Rules of Civil Procedure, are merely a tentative outline of the position which the pleader takes before his case is fully developed on the facts through discovery and evidence. (Vann v. Hobbs, Fla.App. (2d) 1967, 197 So.2d 43)
Pleadings are normally prepared by counsel. He must of necessity generally prepare his pleadings based upon information furnished by others. The rule therefore provides that the signature of the attorney on a pleading shall constitute a certificate by him that he has read the pleading, that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. His signature does not import, indeed it usually cannot import, truthfulness of the facts therein recited. Seldom does the attorney know of his own knowledge the facts which must be recited in his pleadings. It is for that reason that he is not required to make oath that the pleadings are accurate and it is for that reason that the rule does not recite that his signature constitutes a certificate of accuracy, but only that to the best of his knowledge, information and belief, there is good ground to support it.
A pleading does not, as such, entitle the pleader to relief. If affirmative relief is desired then it is necessary that proof be adduced. Generally, proof is by way of testimony or other documentary evidence. However, in some narrow instances affidavits are acceptable. For instance, Rule 1.510 RCP, 31 F.S.A., clearly authorizes affidavits in support of a motion for summary judgment. Motions attacking service of process may be supported by affidavits. (Viking Superior Corporation v. W.T. Grant Company, supra) Use of affidavits is an acceptable method of supporting a motion to vacate and set aside defaults. (Thomason v. Jernigan, supra) This is not to say that other methods of proof are impermissible. In those rare instances *86 in which the attorney has actual knowledge of the facts recited in a motion to set aside a default, swearing to the motion (which for all practical purposes places it into the form of an affidavit) would be sufficient. If the client is available and has actual knowledge of the truthfulness of the recitations contained in the motion then he may swear to it and thereby lend to it the same efficacy as an affidavit. Depositions may be used in support of the motion or, if counsel prefers and the trial court will permit, "live testimony" may be taken.
Of course, proof may be rendered unnecessary by stipulation of the parties, or by the party against whom relief is sought filing a responsive pleading to the motion or other pleading for relief admitting the allegations thereof. (Assuming the allegations are sufficient to justify under the law the granting of the relief sought.)
In the case sub judice the trial judge had nothing before him except the bare allegations of an unverified motion signed by appellant's attorney who could not possibly have had personal knowledge of facts and matters therein recited. No proof of any kind was submitted in support thereof. Rule 1.500(d), RCP, gives specific authority to the trial court to set aside defaults and final judgments consequent thereon in accordance with Rule 1.540(b). Certainly the latter rule does not anticipate the granting of relief based upon a bare motion without acceptable supporting evidence.
We have considered the other points raised by appellant and find them to be without merit.
The trial judge did not err in denying the motion to vacate and set aside the default, and this interlocutory appeal is dismissed.
JOHNSON and McCORD, JJ., concur.