SMITH, Judge,
The circuit court entered a default judgment quieting appellee’s title to a Washington County tract. On appeal by parties whose putative claims were thus foreclosed, we are asked to find, as in Gmaz v. King, 238 So.2d 511 (Fla.App.2nd 1970), that appellee’s counsel failed to exercise due diligence in locating and notifying appellant Goodlett by constructive service. Sec. 49.041, F.S. All appellants urge that their defaults and the subsequent judgment ought to have been opened up on the showing they made to the trial court.
This case is only plausibly similar to Gmaz. There, plaintiffs’ sworn statement recited that the residence address of Gmaz was unknown because previous attempts to mail notices to Gmaz at an address shown by public records resulted in the mail being returned marked “NO SUCH STREET”. That return advice was held sufficient to put plaintiffs on notice that the public record relied on erroneously listed Gmaz’s address, thus requiring further search which would have revealed the true address in other public records. In this case, while the notice mailed to appellant Goodlett was returned by postal authorities as “NOT DELIVERABLE AS ADDRESSED,” that fact did not necessarily require appellee to doubt that the public record relied on was inaccurate when made. We therefore will not disturb the trial court’s finding that appellee’s counsel effectuated valid constructive service of process on appellant Goodlett through ch. 49, F.S. It appears also that appellant Goodlett and his attorney received actual notice of the proceedings prior to the return date, through notice incontestably given to other defendants. See Gmaz, supra, at n. 2.
Appellants neglected to present to the trial court a factual basis for their claimed meritorious defenses. The trial court therefore acted within its discretion in declining to open up the several defaults and the subsequent final judgment. Rules 1.500(d), 1.540(b), R.C.P.; Metcalf v. Langston, 296 So.2d 81 (Fla.App. 1st 1974), cert. dism., 302 So.2d 414 (Fla. 1974).
AFFIRMED.
BOYER, C. J.., and MILLS, J., concur.