BOYER, Chief Judge.
By this interlocutory appeal appellant, who was plaintiff in the trial court, seeks review of an order of the trial court setting aside a final judgment entered consequent upon default and setting aside the default. No useful purpose will be accomplished by meticulously reciting the uncontroverted facts giving rise to this appeal. Suffice to say that, generally speaking, the vacating of defaults and judgments entered thereon is in the sound, but not unfettered, discretion of the trial court subject to the oft announced principle that if there is any reasonable doubt, it *841 should be resolved in favor of allowing a trial on the merits. (See Metcalf v. Langston, Fla.App. 1st., 1974, 296 So.2d 81 and authorities therein cited). Although it is difficult to excuse the almost flagrant manner in which appellee’s attorney handled this case, we cannot say that as a matter of law the learned, experienced and able trial judge abused his discretion. Appellant’s reliance for reversal on Metcalf v. Langston, supra, is misplaced. While reaffirming the principles in that case reiterated, we again point out that there the trial court denied a motion to vacate; which action, under the circumstances of that case, we affirmed.
The rule that actions of a trial judge reach an appellate court clothed with a presumption of correctness is also applicable to review of orders incident to vacating defaults and final judgments consequent thereon.
AFFIRMED.
McCORD & SMITH, JJ„ concur.