BARKDULL, Judge.
Appellants seek review of an order of the trial court abating the action in the trial court, pending more substantial proof to determine jurisdiction of the trial court.
The appellants allegedly issued two checks totalling $9,000.00. These checks were negotiated to a holder for value, after the appellants had stopped payment on the first check but before the holder had been notified of the stop payment order, and payment was stopped on the second check prior to the checks being presented to the drawee bank.' As a result thereof, the ap-pellee (as the holder for value) filed the instant suit seeking compensatory and punitive damages.
At the time of filing his complaint, the appellee filed an affidavit purportedly to support substituted service of process. The appellants moved to quash process and service of process, on the ground they were not residents of Florida but were residents of Alabama and that they were not amenable to service by publication pursuant to Section 49.011, Florida Statutes (1975). They further moved to abate, on the ground of lack of jurisdiction over the person, and they moved to dismiss the complaint for failure to state a cause of action.
Thereafter, the appellee caused summons to be issued by the clerk of the court and personally served on the appellants in Alabama. The appellants’ aforementioned motions resulted in an agreed order of dismissal, preserving the appellants’ right to contest process, service of process, and jurisdiction. The appellee filed an amended complaint, containing the same allegations as the original but adding one David R. Hand as a third defendant. Hand was never served. The appellants renewed their objections to process. The motions also sought to abate the action and to dismiss for failure to state a cause of action.
After hearing on the motions, the trial court entered the order appealed, under review, abating the action pending more substantial proof on the question of jurisdiction over the person of Thomas. The appellants contend that the trial court erred in ordering one of the appellants [defendant] [1] to personally appear to give testimony regarding the jurisdictional issue, when the appellants had contested process, service of process, and jurisdiction by appropriate motion. We agree.
In determining the propriety of substituted service, the court should either consider affidavits of the respective parties in support of their positions, or a live evidence if voluntarily produced. Viking Superior Corporation v. W. T. Grant Company, 212 So.2d 331 (Fla. 1st D.C.A. 1968); 23 FlaJur., Motions and Orders, § 4. But, it is error to require a foreign resident to journey into this jurisdiction for the purpose of giving an oral deposition in support of his motion to quash substituted service of process. The trial judge might have required him to submit to an oral deposition in his State of residency. Otherwise, unless a de *410 fendant voluntarily presents himself under a special appearance to the trial court, proofs going to the issues as made by the pleadings should be either by affidavit or those methods of discovery not requiring physical presence by the defendant in this jurisdiction.
Reversed and remanded for further proceedings not inconsistent with this opinion.

. At the time of the entry of this order, there were three defendants. The order just required the defendant to appear; it did not identify which one.