352 So.2d 900 (1977)
BAY CONVALESCENT CENTER, INC., a Corporation, Appellant,
v.
Alice W. CARROLL, Administratrix of the Estate of Seth M. Carroll, Deceased, Appellee.
No. CC-468.
District Court of Appeal of Florida, First District.
November 22, 1977.
Rehearing Denied December 29, 1977.
*901 Jerry W. Gerde, of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for appellant.
Lynn C. Higby, of Isler, Higby, Brown & Smoak, Panama City, for appellee.
RAWLS, Acting Chief Judge.
By this appeal, Bay Convalescent Center, Inc., seeks review of a final judgment entered in favor of appellee Carroll pursuant to a default judgment and a subsequent order denying its motion to vacate default judgment.
Carroll, as administratrix of the estate of her deceased husband, filed a complaint against Bay, alleging that it negligently allowed its patient (Carroll's husband) to fall out of a bed, in which he should have been constrained, resulting in serious injuries that caused his death. Bay was served with process on April 5, 1975, and, pursuant to motion, a default judgment was entered against Bay on May 3, 1975. Following an ex parte trial as to damages, a final judgment was entered in favor of Carroll on June 16, 1975, pursuant to a jury's verdict.
By motion to vacate default judgment filed June 19, 1975, Bay alleged as excusable neglect that it had immediately turned the complaint over to its insurance carrier, Foremost Insurance Company, which had assured Bay that it would handle the defense of the cause and that its first knowledge of the trial was receipt of a copy of the final judgment. Bay attached a copy of its proffered answer to the motion to vacate which admitted that decedent was paying patient and set out a general denial as to any negligence on its part. As to excusable neglect, Bay attached an affidavit of its executive vice president, reciting that he had promptly forwarded the complaint to an agent of its insurance carrier. Also, the affidavit had attached to it a letter from Bay's house physician,[1] which affiant stated he received prior to commencement of the action.
The trial court entered its order denying the motion to vacate default judgment and motion for new trial upon the grounds that Bay had failed to make a factual record showing either excusable neglect or a meritorious defense. As to the grounds of excusable neglect, we only comment that, at the most, it was tenuous; however, in view of the fact that the record clearly fails to contain a factual basis as to *902 any meritorious defense, our decision will be restricted to the latter ground.
A meritorious defense contemplates the proffer of a defense worthy of presentation as determined by matters of substance as distinguished from matters of form. The answer tendered by Bay is basically a matter of form, i.e., a general denial. Bay's house physician's letter, which is not verified, simply contains a self-serving opinion that Bay rendered competent nursing care and was not negligent. Glaringly missing in this post judgment proceeding is any proffer by Bay of a meritorious defense.[2]
In discussing the role of an unverified pleading, in conjunction with a motion to set aside a default, this court stated in Metcalf v. Langston:[3]
"... the motion contains an allegation of a meritorious defense and a willingness to immediately proceed to trial. "Were there nothing more to consider we would be constrained to hold that the learned trial judge erred in denying the motion to set aside the default. However, appellees have called to our attention, and we find from the record before us, that appellant's motion to set aside the default, though signed by its attorney, is not under oath and is not accompanied by any affidavit or other proof of the contents thereof. This leads us to a consideration of the procedural aspects of proceedings requisite to vacating and setting aside defaults.
"Appellant urges that the motion speaks for itself, need not be under oath nor accompanied by affidavit and requires no further proof, citing Rule 1.030, RCP, 30 F.S.A. We do not so interpret that rule. The pertinent portion of that rule is as follows:
`* * * Except when otherwise specifically provided by these rules or an applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay.'
"The word `pleadings' is defined in 25 Fla.Jur., Pleadings, § 2 as follows:
`Pleadings are the allegations made by the parties to a suit for the purpose of presenting the issue to be tried and determined. They are the formal statements by the parties of the operative, as distinguished from the evidential facts on which their claim or defense is based.'
"In 23 Fla.Jur., Motions and Order, § 4, is found the following:
`It is generally recognized that statements of facts in a motion are not evidence of the facts related therein and are not self supporting. Unless a motion is grounded on facts that are either apparent from the face of the record or papers on file in the case or within the judicial knowledge of the court, it must be supported by affidavits or other proofs. * * *'
"In State v. Board of Control, Sup.Ct.Fla. 1951, 53 So.2d 116, the court said:
`* * * Moreover, the motion is not accompanied by any proof of the matters alleged in the motion  assuming, for the sake of argument only that the averments are sufficient  and it is elementary that a motion is not and of itself proof of the averments therein contained.' (53 So.2d at pages 118 and 119)
"This Court in Thomason v. Jernigan, Fla.App. (1st) 1962, 146 So.2d 905, reviewing an order vacating a decree pro confesso in an equity action, said:
`* * * Unless the grounds of the application to open a default are evident on the face of the record, they should be supported by an affidavit of merit made by the applicant himself, People's Ice Co. v. Schlenker (1892), 50 Minn. 1, 52 N.W. 219; and where no *903 legal excuse is shown for failure to comply with the rules, the fact that a meritorious defense exists is immaterial. Karnes v. Ramey (1926), 172 Ark. 125, 287 S.W. 743, 744. Statements of counsel, without more, as is the case here, are insufficient to support such an application. Davis v. Teachnor (Ohio App. 1943), 53 N.E.2d 208, 212. `Finding nothing in the motion to vacate or in the record to indicate that there was any irregularity in the service of process or in the proceedings leading to entry of the decree pro confesso, and no good cause being shown in support of the unverified motion, the order setting aside the decree pro confesso is without lawful basis. White v. Spears (Fla.App. 1960), 123 So.2d 689; Chaney v. Headley (Fla. 1956), 90 So.2d 297.' (146 So.2d at pages 906 and 907)
"In Viking Superior Corporation v. W.T. Grant Company, Fla.App. (1st) 1968, 212 So.2d 331, this Court had occasion to consider the procedural method by which service of process could be attacked said:
`The generally accepted and approved method of supporting and proving the allegations of a motion is by the vehicle of affidavits.' (212 So.2d at page 334)
"Rule 1.030 RCP clearly provides that except when otherwise specifically provided, pleadings as such need not be verified or accompanied by affidavit. However, that does not mean that pleadings speak for themselves. The pleadings in a cause, under the Florida Rules of Civil Procedure, are merely a tentative outline of the position which the pleader takes before his case is fully developed on the facts through discovery and evidence. (Vann v. Hobbs, Fla.App.(2d) 1967, 197 So.2d 43)
"Pleadings are normally prepared by counsel. He must of necessity generally prepare his pleadings based upon information furnished by others. The rule therefore provides that the signature of the attorney on a pleading shall constitute a certificate by him that he has read the pleading, that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. His signature does not import, indeed it usually cannot import, truthfulness of the facts therein recited. Seldom does the attorney know of his own knowledge the facts which must be recited in his pleadings. It is for that reason that he is not required to make oath that the pleadings are accurate and it is for that reason that the rule does not recite that his signature constitutes a certificate of accuracy, but only that to the best of his knowledge, information and belief, there is good ground to support it.
"A pleading does not, as such, entitle the pleader to relief. If affirmative relief is desired then it is necessary that proof be adduced... ."
Judge Smith, speaking for this court in Scott v. Premium Development, Inc., supra, reaffirmed the necessity for a movant to factually demonstrate a meritorious defense. A timely defense may be asserted in the early stages of litigation by simple pleadings; however, a meritorious defense, to offset a default and final judgment entered thereupon, requires more than a bare allegation denying negligence.
We are not unmindful of this court's recent opinion in Burbank v. Southland Corporation[4] wherein it was stated, inter alia: "... Had there been no answer filed with the motion to vacate default or allegations of a meritorious defense asserted in the affidavit, then Scott would have required reversal in this case." The reference as to "answer" might well give the impression that an unverified answer in all cases is adequate to assert a meritorious defense. Such a conclusion does not meet the teachings of Metcalf. Some cases might not necessitate "affidavit proof", i.e., Burbank involved an issue as a matter of law  not as a matter of proof. Illustrative of such meritorious defenses is an answer *904 alleging that the statute of limitations precludes the action. But, where facts constitute the basis of a meritorious defense, such must be presented by the movant in a manner as set out in Metcalf.
Finally, the well settled rule that a motion to set aside a default judgment addresses itself to the sound discretion of the trial court is once again reaffirmed by this court. The trial court did not err in denying the motion to vacate and set aside the default judgment, the final judgment, and the motion for new trial.
AFFIRMED.
SMITH, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
Absent in this court's majority opinion is any mention of what has now become the polestar decision of Florida cases relating to motions to vacate defaults. Northshore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). In Northshore, defendant moved to set aside the default and attached to his motion an affidavit of his attorney in which it was merely alleged the hospital was not negligent in caring for plaintiff's infant, in whose behalf the father had brought suit against the hospital for damages resulting from alleged negligence and malpractice. The trial court granted the motion to set aside the default and allowed the defendant five days in which to file an answer. The answer was filed and following discovery, the hospital moved for summary judgment which was granted. On appeal to the Third District Court of Appeal, the motion for summary judgment was reversed in part on the ground the motion to vacate and the affidavit did not disclose sufficient cause to set aside the default since no meritorious defense was presented or pleaded. In reversing the Third District Court of Appeal as to that point, our Supreme Court stated:
"The first point of conflict with prior authority arises from the District Court's holding that no meritorious defense was presented or pleaded by the petitioner hospital. This holding was made in spite of the fact that the motion, together with the affidavit, alleged that the hospital had a meritorious defense to the action inasmuch as it had not been negligent in its treatment of the infant respondent. In Town of North Miami v. State ex rel. Watson, 156 Fla. 340, 22 So.2d 762, we held that the denial of negligence contained in a responsive pleading alleged a meritorious defense so as to create an issue of fact. A similar holding was reached in State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40. See also Benedict v. W.T. Hadlow Co., 52 Fla. 188, 42 So. 239." 143 So.2d at 852.
Clearly the meritorious defense presented by Northshore Hospital to the trial court was nothing more than a general denial as to any negligence on its part. Here Bay Convalescent Center filed a motion to vacate the default judgment and attached to the motion an answer  not only generally denying negligence  but also filed an affirmative defense alleging that the negligence of Alice W. Carroll's decedent contributed to the injury. While the motion to vacate default did not, when filed, attach an affidavit, it stated an affidavit would be filed as soon as it could be obtained. Two days subsequent to the filing of the motion to vacate judgment, an affidavit of Edward J. Manzione, Executive Vice-President of Bay Convalescent Center, was filed, in which he referred to an attached letter from Dr. Powell Adams, house physician for Bay Convalescent Center, Inc., wherein Dr. Adams stated in his opinion the death of the administratrix's decedent was not a result of any neglect of care administered while in Bay Convalescent Center.
The court, at hearing held on July 12, 1976, on the motion to vacate default judgment, had before it all pleadings and affidavits filed. It was therefore aware of Bay Convalescent's general denial of negligence as well as the proffered affirmative defense. I fail to see any distinction between the asserted meritorious defense presented to the trial court in Northshore Hospital and that submitted to the trial court sub judice, except that in Northshore, the trial *905 court set aside the default whereas here the trial court declined to do so. As stated in State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (1931), "... if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial on the merits of the case."
I fear that recent opinions from this court have eroded the liberal policy enunciated in Northshore Hospital, Inc. v. Barber, supra, and other decisions of the Florida Supreme Court permitting the setting aside of defaults. In a case decided by our Florida Supreme Court as early as 1863, it was stated:
"It is the tendency of the Courts of the present age to stand less upon strict rules of practice than formerly, and to keep the door a long time open to a defendant who seems to be honestly striving to get in what he believes to be a good defense." Waterson v. Seat and Crawford, 10 Fla. 326, 331 (1863).
Lamentably the passage of time finds us returning to a strict application of the rules. I would reverse.
NOTES
[1] The letter from Bay's house physician stated:

"TO WHOM IT MAY CONCERN:
It is my opinion that while a patient in Bay Convalescent Center Mr. Seth Carroll received competent and adequate nursing care. I do not relieve that the death of Mr. Seth Carroll is a result of neglectful care while in Bay Convalescent Center."
[2] Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976).
[3] Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974).
[4] Burbank v. Southland Corporation, 345 So.2d 1108 (Fla. 1st DCA 1977).