McCORD, Chief Judge.
Appellee Bank brought a replevin action against appellants to replevin a mobile home financed by appellee. The complaint alleged that payments on the loan had not been made for the months of July, August and September, 1975, and sought an emergency writ of replevin, a restraining order and money judgment and other relief. Based upon an affidavit filed in support of the complaint and without personal service upon appellant, an emergency writ of re-plevin and order to show cause returnable on October 6,1976, was entered. There was no personal service on appellants of the writ and order to show cause. The mobile home was replevied on October 1, 1975, and on October 24,1975, final order was entered without personal service upon appellants of any process in the cause. Thereafter, on July 12, 1976, appellants filed a motion to set aside the order and default and to permit them to file an answer and counterclaim. The motion was sworn to by both appellants and filed prior to hearing thereon. Appellant’s affidavit in support of the motion stated that on September 24, 1975, Dorothy L. Centers had a telephone conversation with the Bank in which the past due payments for July, August and September were discussed; that the Bank agreed to accept the July and August payments and permit the Centers to be late with the September payment; that on the following day, Dorothy L. Centers secured a money order for the July and August payments and mailed it to the Bank where it was received on September 29,1976; that on the following day the same Bank employee with whom Centers had the telephone conversation caused the complaint to be filed and executed a false affidavit in support thereof, falsely reciting that the July and August payments had not been received and that he had demanded return of the mobile home and the Centers planned to remove it beyond the jurisdiction of the court; that at no time were the Centers personally served with any of the suit papers or orders, although the Bank knew that the Centers temporarily had another address and knew how to reach them. The motion recited damages suffered by the Centers as a result of the foregoing and alleged that they had a good defense to the complaint. The court denied appellant’s motion to set aside on two grounds: (1) that the Centers had not acted with reasonable diligence in seeking to set the default and final order aside, and (2) that they failed to tender into the registry of the *164 court the payments accruing between the date of their last payment and the filing of the motion to set aside. It is undisputed that no evidence was taken at the hearing on appellant’s motion. We have considered appellants’ brief but, unfortunately, do not have a presentation of appellee Bank’s contentions on this appeal because it did not favor us with a brief.
We find that the trial court abused its discretion in not setting aside the default and final order and not allowing appellants to file their answer and counterclaim. It affirmatively appears that appellants have a meritorious defense, and it does not appear that they have been guilty of failure to use reasonable diligence in seeking relief; thus, any neglect on their part was excusable. As this Court stated in Metcalf v. Langston, 296 So.2d 81 (Fla. 1 DCA 1974):
“Where a default has been entered and a timely application is made to set aside the default and permit a plea or answer on the merits to be filed, and such plea or answer disclosed upon its face a good and meritorious defense, as a general rule, if there be any reasonable doubt in the matter, it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.”
From the affidavit of appellants filed in support of their motion, it appears that appellee Bank has known the address of the appellants (Sebring Shore Country Club, Sebring, Florida) throughout these proceedings and yet no personal service was made upon them of any process in this cause. Such is unrefuted on this appeal. It does not affirmatively appear anywhere in this record that appellants had personal knowledge of this action prior to the filing of their motion to set aside the default and final order. If this was a wrongful replevin as appellants have alleged in their verified answer, their failure to pay into the registry of the court all payments that would have accrued between the date of their last payment and the filing of their motion to set aside the default and final order was not a proper basis for denial of their motion by the Court.
Reversed and remanded with directions to vacate the default and final order and allow appellants to file their answer and counterclaim.
BOYER and MELVIN, JJ„ concur.