PER CURIAM.
This interlocutory appeal is before us pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) to review the trial court’s order denying appellant’s motion to vacate a clerk’s default. We reverse the order on the grounds that: (1) the stipulated facts presented indicate that the cause had been actively litigated as demonstrated by the various court appearances made, depositions taken, communications between opposing counsel, and the relatively short delay in filing responsive pleadings along with virtually no showing of any dilatory tactics being utilized; and (2) excusable neglect was demonstrated by a showing that defense counsel, upon discovering that defendant’s pleading, though prepared, was not served [a temporary secretary had either not been advised or had not followed office procedure in causing the original to be filed with the clerk and copies sent to opposing counsel] immediately communicated with plaintiff’s counsel to determine the status of the case. Upon being advised that an application was made to the clerk to enter a default, defendant’s counsel promptly ascertained that a default had indeed been entered. Defense counsel then filed a motion to set aside or vacate the default, which was accompanied by affidavits attesting to the facts indicated herein.
Florida courts are committed to a policy of liberality in vacating defaults, North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962) and where there is a reasonable doubt upon the granting or denial of a motion to vacate, that doubt should be resolved in favor of the movant. State Bank v. Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931).
Reversed and remanded.