WARNER, C.J.
We reverse the trial court’s order denying a motion to yacate a default judgment on liability. The default was entered as a sanction for discovery violations. However, in the motion to set aside the judgment, appellant explained that he never received notice of the hearing on the motion due to clerical error. While the court determined that the motion to vacate contained sufficient verified allegations that his failure to comply with both the discovery order and his non-appearance at the sanction hearing was due to excusable neglect, the court found that the motion failed to allege that meritorious defenses exist and thus denied the motion as insufficient, citing Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977).
Bay Convalescent Center dealt with a default entered based upon no appearance after service. In such a case, no answer has been filed. Therefore, where the negligent party seeks to set aside a default, the party must set forth the meritorious defenses available to the claim. Neither party has uncovered any case in which a court required a party to include proposed defenses in a motion to vacate a default entered as a sanction for a discovery violation, as those defenses have already been pled in the answer. The default for sanctions serves a completely different purpose than the default entered where the defendant has failed to answer at all. The requirement of providing a verified statement of meritorious defenses should not be required where the defendant has already answered and the plaintiff knows the defenses being asserted.
As the trial court found sufficient the allegations of excusable neglect in failing to respond both to the discovery and to the motion for sanctions that resulted in the default, we reverse, direct the vacation of the liability default, and remand for further proceedings in this case.
DELL and STONE, JJ., concur.