328 So.2d 557 (1976)
W.R. SCOTT, d/b/a International Engineers, Appellant,
v.
PREMIUM DEVELOPMENT, INC., Appellee.
No. Z-82.
District Court of Appeal of Florida, First District.
March 23, 1976.
*558 Robert B. Staats of Staats & Nabors, Panama City, for appellant.
Marvin A. Urquhart, Jr., of Urquhart & Austin, Panama City, for appellee.
SMITH, Judge.
By default a judgment was entered against Scott canceling his recorded mechanics lien under § 713.21(4), F.S. 1973, declaring it fraudulent under § 713.31(2) (a) and retaining jurisdiction to assess against Scott compensatory and punitive damages, costs and reasonable attorneys fees incurred by Premium Development, Inc., in obtaining discharge of the lien. Scott appeals, urging that the trial court abused its discretion in declining to set aside the default and consequent judgment.
Scott initiated the proceedings on May 5, 1975, by claiming a lien against Premium's land in the amount of $136,971.16 for labor and materials furnished under a site development subcontract with Premium's prime contractor. Secs. 713.01-.36, F.S. 1973. The claim of lien was recorded in accordance with § 713.08. Premium responded on May 14 by filing a complaint in the circuit court for discharge of the lien and for damages and other relief accorded by § 713.31 against fraudulent liens.
Sec. 713.21(4) provides in part:
"Upon filing a complaint ... [for an order discharging a lien] by any interested party the clerk shall issue a summons to the lienor to show cause within twenty days why his lien should not be enforced by action or vacated and cancelled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien."
A rule to show cause was issued and served on Scott May 14, returnable June 3.
On May 28 the parties and their counsel met to discuss settlement. They concluded that litigation was unavoidable and parted. June 3 passed without the filing of a response to the rule by Scott. The attention of Scott's lawyer had been diverted to other professional responsibilities; he had not received an abstract of public records affecting the title to the property, ordered to aid in the preparation of a counterclaim for foreclosure; and he thought he would be notified if Premium's lawyer decided to insist on strict adherence to the prescribed schedule. Scott's lawyer filed no appearance. He did not request of his adversary or of the court, formally or informally, an extension of time for Soctt's response.
On the morning of June 4, without notice, Premium's lawyer applied to the clerk for a default against Scott, which was entered. Rule 1.500(a), R.C.P. The next afternoon, June 5, Scott's lawyer notified Premium's by telephone that he had just received the abstract and would file an answer and counterclaim for foreclosure in a day or so, and was advised in turn that a default had already been entered. Neither lawyer asked for or received from *559 the other any information or assurances concerning their respective plans.
On the afternoon of June 6, on ex parte application by Premium's lawyer, the court below entered final judgment. Later that day, Scott's lawyer filed a motion to vacate the default entered by the clerk two days earlier and, on June 12, he filed a motion to vacate the final judgment entered June 6.
A motion to set aside a default judgment addresses itself to the discretion of the trial court. Rules 1.500(d), 1.540 (b), R.C.P.; Florida Inv. Ent., Inc. v. Kentucky Co., 160 So.2d 733 (Fla.App. 1st, 1964). Cf. Rules 55(c), 60(b), Fed. R.C.P.; 6 Moore's Federal Practice (2d ed.) para. 55.10[4]; 10 Wright and Miller, Fed.Prac. and Proc. § 2693 (1973). The trial court clearly is better able than we to weigh the proper effect in particular circumstances of the policy favoring prompt and orderly disposition of judicial business and the competing policy that it be determined on the merits.
In this case the trial court was substantially influenced to deny Scott relief from his default by the unique nature of the statutory proceeding. The assertion of a lien can have a drastic effect on the delicately balanced finances of land development. See Ervin, Revised Mechanics' Lien Law; The Whys and Wherefores, 37 Fla.B.J. 1095, 1098 (1963). The legislature therefore provided affected parties the remedy invoked by Premium whereby a lienor may be judicially required to show cause within 20 days certain why his lien should not be enforced by action or else vacated. On Scott's failure to respond to the rule by the return date and his failure to obtain an order extending the time for his response, the court was entirely correct in following the mandate of the statute by forthwith ordering the cancellation of Scott's lien against Premium's property.
For the same reasons, we hold that the trial court acted properly within the limits of its discretion in declining to set aside the final judgment against Scott consequent upon the default. Assuming without deciding that trial courts have power to set aside defaults in § 713.21(4) proceedings, this was not a case requiring such extraordinary action by the trial judge.
The affidavit of Scott's lawyer, filed in support of his motion to set aside the default and consequent final judgment, reveals in some detail his reasons for urging that his neglect to respond was excusable. Whether or not the affidavit sufficiently carried that point, it clearly did not contain a factual demonstration that Scott had a meritorious defense. Except to say the parties' conference on May 28 disclosed that there was a legitimate dispute between the parties and that Premium was indebted to Scott "over and above [the amount] set forth in [Premium's] Complaint," the affidavit contains no factual showing either that the lien should not have been enforced by action before June 3 or forthwith cancelled [§ 713.21(4)] or that Scott did not willfully exaggerate in asserting a lien of $136,971.16 [§ 713.31(2)(a)]. Having shown no factual basis for his claim of a meritorious defense, Scott was not entitled to relief under Rules 1.500(d) and 1.540(b), R.C.P. Metcalf v. Langston, 296 So.2d 81 (Fla.App. 1st), cert. dism. 302 So.2d 414 (Fla. 1974); Wesley Constr. Co. v. Yarnell, 268 So.2d 454 (Fla.App. 4th, 1972). Contrast Knight v. Gainer, 310 So.2d 58 (Fla.App. 1st, 1975); Palmer Johnson, Inc. v. Buxton, 262 So.2d 892 (Fla.App. 2d, 1972); Florida Inv. Ent., Inc. v. Kentucky Co., supra. See also Wright and Miller, supra, § 2697.
AFFIRMED.
McCORD, Acting C.J., and FULLER, RICHARD S., Associate Judge, concur.