345 So.2d 1108 (1977)
Michael BURBANK, Appellant,
v.
The SOUTHLAND CORPORATION, Appellee.
No. FF-80.
District Court of Appeal of Florida, First District.
May 20, 1977.
James L. Nipper, Jacksonville, for appellant.
Victor M. Halbach, Jr., of Marks, Gary, Conroy & Gibbs, Jacksonville, for appellee.
ERVIN, Judge.
Appellant filed his complaint alleging malicious prosecution against the defendant corporation, and when no responsive pleading was filed within 20 days, a default was entered by the clerk. The defendant, 16 days after default had been entered, filed a motion to set aside the default and to file an answer, attached an affidavit of the claim supervisor for defendant's liability carrier setting forth grounds for excusable neglect under Fla.R.Civ.P. 1.540(b), and filed an answer to the complaint. The answer moved to dismiss the complaint for failing to show there was no termination of the original proceeding in favor of the plaintiff, and as a second defense, denied any malicious act by any employee or agent of the defendant. The trial court granted defendant's motion to vacate the default and appellant brings this interlocutory appeal.
We affirm on the authority of North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). That opinion reversed the District Court and reinstated the trial judge's setting aside of the default, holding in part: (1) The defense's assertion that the defendant hospital was not negligent in its treatment of the plaintiff is a sufficient allegation of a meritorious defense. (2) A mere abuse of the trial judge's discretion is not a sufficient basis for reversal of his ruling on the motion to vacate. A showing of gross abuse of discretion is necessary on appeal. (3) Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942), is quoted:
"The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant."
(4) Courts should not stand upon strict rules of practice and should keep the door open a long time to a defendant who seems to be honest and striving to get in what he believes to be a good defense. (5) A headnote in Waterson v. Seat and Crawford, 10 Fla. 326, is cited with approval:
"Whether a default should be opened, must depend on all the facts and circumstances connected with the case. If the party be guilty of gross negligence, the default will not be opened."
The showing of inadvertence and excusable neglect here is not logically distinguishable *1109 from that in North Shore Hospital.[1] Further, there is a sufficient factual demonstration in defendant's answer that defendant had a meritorious defense, so that Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976) does not control. Had there been no answer filed with the motion to vacate default or allegations of a meritorious defense asserted in the affidavit, then Scott would have required reversal in this case. See also Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974). Here, however, we cannot say there was a gross abuse of the trial judge's discretion.
The twin requirements of excusable neglect or inadvertence under Rule 1.540(b) and a showing of a meritorious defense having been satisfied, the trial judge's vacation of the default is
AFFIRMED.
McCORD, Acting C.J., and MILLS, J., concur.
NOTES
[1] The claims supervisor stated he misread the date process was served on the carrier and forwarded the suit papers to defense counsel too late for a timely response to be filed. See also Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977).