350 So.2d 111 (1977)
Larry E. ALLEN, Personal Representative of the Estate of James E. Allen, Deceased, Appellant,
v.
Edward WRIGHT, Jr., and Obie D. Graham and Integrity Insurance Company, Appellees.
No. GG-1.
District Court of Appeal of Florida, First District.
September 19, 1977.
Rehearing Denied October 17, 1977.
*112 John F. Sproull, Jr. of Harriett & Sproull, Palatka, for appellant.
Robert R. Perry of Miller, Perry & Miller, Palatka, Raymond Ehrlich, Jacksonville, for appellees.
ERVIN, Judge.
This interlocutory appeal was filed from an order granting appellee Graham's motion to set aside default. We reverse.
Decedent's personal representative brought a wrongful death action and served appellee Graham with copy of the complaint on October 19, 1976. Graham was the owner of the truck involved in the accident. Service was also made on Integrity Insurance Company as Graham's liability insurance carrier. On November 9, 1976, default was entered as to Graham. On the same day Integrity Insurance Company's motion to dismiss was granted on the ground that Section 627.7262(1), Florida Statutes (Supp. 1976) prohibits a motor vehicle liability insurer from being joined as a party defendant. On March 21, 1977, Graham moved to set aside the default, stating he believed he was afforded liability insurance coverage by Integrity; he believed he would be represented by Integrity; when he learned of the default in February he moved with all possible dispatch to obtain a lawyer to represent him, and finally, he has a meritorious defense.
At the outset we must confess some confusion as to the status of Integrity's responsibility to defend the suit on behalf of Graham. There is nothing in the record indicating that Integrity did not and does not afford liability insurance coverage to Graham, or that Integrity did not have a duty to defend. Indeed the motion to set aside the default represented that Graham believed and still believes that he was "afforded liability insurance coverage under a policy of insurance issued by the defendant, Integrity Insurance Company ... on the date of the service of the summons and complaint and ... believes that such coverage extends to liability incurred as a result of an accident involving the truck owned by the defendant and involved in the accident." Since Integrity's motion to dismiss it as a party defendant was directed only to its joinder under Section 627.7262, there is no issue before us that coverage was not afforded to Mr. Graham at the time of the accident.
A motion to set aside a default judgment is of course addressed to the sound discretion of the trial court. Fla.R. Civ.P. 1.500(d), 1.540(b); Florida Investment Enterprises, Inc. v. Kentucky Co., 160 So.2d 733 (Fla. 1st DCA 1964); Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976). Graham's motion to set aside default alleges facts, which if proved, would constitute a meritorious defense. The problem, however, with his motion is that he must show both a meritorious defense and excusable neglect. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Burbank v. Southland Corporation, 345 So.2d 1108 (Fla. 1st DCA 1977). Upon the record presented to us there is simply no way we can draw the reasonable conclusion that Graham's motion to set aside the default demonstrated excusable neglect. If there is no question of coverage or of Integrity's duty to defend, surely Integrity was on notice of the suit since it had filed prior to the entry of default a motion to dismiss itself as party defendant. Why then it allowed a default to be entered against its insured is a matter left only to conjecture but is hardly supportive of any theory of excusable neglect.
*113 If however, coverage was not available, Graham's motion to set aside the default 153 days after complaint was personally served upon him can hardly be said to be excusable neglect. Graham's motion to vacate the default states that he was unaware of the default and its consequences until February of 1977, at which time he moved with all possible dispatch to obtain counsel to represent him. We note however despite his alleged attempts to move with all possible dispatch, it was not until March 21, 1977 that his motion to set aside the default was filed. We can only conclude on the basis of this record that the lower court abused its discretion in setting aside the default against Graham. The order setting aside the default is reversed.
RAWLS, Acting C.J., and SMITH, J., concur.