373 So.2d 396 (1979)
SECURITY MOTORS, INC., Appellant,
v.
FIAT MOTORS OF NORTH AMERICA, INC., Appellee.
No. NN-296.
District Court of Appeal of Florida, First District.
July 20, 1979.
T. David Mann, Mann & Lang, Pensacola, for Security Motors, Inc.
David A. Reed, Pensacola, for Fiat Motors of N. America, Inc.

*397 ORDER
Sua Sponte, this appeal is dismissed for lack of jurisdiction in that appellants seek review of a nonfinal order which is not subject to review under Florida Rule of Appellate Procedure 9.130.
MILLS, C.J., and LARRY G. SMITH, J., concur.
ROBERT P. SMITH, Jr., J., dissents.
ROBERT P. SMITH, Jr., Judge, dissenting:
The court now joins the district courts of appeal for the Second and Third Districts in holding that no appeal may immediately be taken from an order setting aside a default pursuant to Fla.R.Civ.P. 1.500. Praet v. Martinez, 367 So.2d 657 (Fla. 3d DCA 1979); Moody v. Moody, 371 So.2d 553 (Fla. 2d DCA 1979). I conceive that Appellate Rule 9.130 may properly be construed to permit such appeals and that it should be so construed, to permit immediate review of orders setting aside defaults, so that defaults improperly set aside may promptly be restored and futile litigation averted. To postpone review of such orders until after final judgment will, in my opinion, effectively insulate them from review; for it will be a rare case, after a trial and final judgment on the merits, in which an appellate court will be bold enough to say, on the early record, that defendant failed to make an adequate showing of excusable neglect and a meritorious defense.
Subparagraph (3) of Appellate Rule 9.130(a) does not authorize appeals from orders setting aside defaults by part (C)(iv), for that part authorizes review of non-final orders which determine "the issue of liability in favor of a party seeking affirmative relief." An order setting aside default does not determine "the issue of liability." But subparagraph (4) of Appellate Rule 9.130(a) provides in part:
Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
The "method prescribed by this rule" is an appeal from the non-final order. The question, then, is whether an order setting aside a default is a non-final order entered after "final order" on authorized motions. The committee note to new Appellate Rule 9.130 says that an order setting aside a default is in fact a non-final order "entered after final order":
Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
The term "final order" in Rule 9.130(a)(4) is not defined, insofar as I can tell, in the 1977 Appellate Rules. I take it, however, that the term means something other than "final judgment" in this context, although Fla.R.App.P. 9.020(e) surely includes a judgment within the definition of "order." If a final judgment has been entered consequent upon a default, see Fla.R.Civ.P. 1.500(d), and the trial court refuses on defendant's application under Fla.R.Civ.P. 1.540(b)[1] to set it aside for excusable neglect and a meritorious defense, the defendant may of course appeal, pursuant to Fla.R.App.P. 9.130(a)(5):
Orders entered on motions filed pursuant to Fla.R.Civ.P. 1.540 are reviewable by the method prescribed by this rule.
By the same subparagraph (5) an aggrieved plaintiff may appeal from a trial court Rule 1.540 order setting aside a judgment entered upon a previously entered default.
Searching for the underlying purposes of Appellate Rule 9.130(a), I cannot conjure up reasons for permitting an aggrieved plaintiff to appeal from a Rule 1.540 order setting aside a judgment entered on a default, while denying him an immediate appeal from an order setting aside a default, when no judgment has yet been entered. Such differences as exist between the issues on a default and the issues on a consequent *398 judgment  including the extent of plaintiff's damages  do not relate to the propriety of holding a defendant in default, or in relieving him of that condition. It is not evident to me why, when the court's action to relieve defendant of an apparent default is the matter in issue, an aggrieved plaintiff should be granted immediate review in one case but not in the other.
If Rule 9.130(a) clearly drew this distinction, certainly I would not argue for policy reasons that the distinction is meaningless. But when as here the committee note explicitly suggests  not authoritatively, to be sure  that an order granting a motion to vacate default is a non-final order "entered after final order," I see no reason why we should not regard a "default," whether entered by the clerk or by the court under Fla.R.Civ.P. 1.500, as a "final order" although not a "final judgment," and so permit our characterization of the order appealed from in this case as a non-final order "entered after final order on authorized motions," which is reviewable pursuant to Appellate Rule 9.130(a)(4).
I take it that orders setting aside defaults, though assuredly involving a measure of discretion, must be based on a record showing of excusable neglect and a meritorious defense. Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976); Allen v. Wright, 350 So.2d 111 (Fla. 1st DCA 1977); Jordan v. Williams, 350 So.2d 551 (Fla. 1st DCA 1977); Burbank v. Southland Corp., 345 So.2d 1108 (Fla. 1st DCA 1977); Knight v. Gainer, 310 So.2d 58 (Fla. 1st DCA 1975); Bay Convalescent Center, Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977).
I take it also that a plaintiff who has properly secured a default, for defendant's inexcusable failure to respond and for defendant's failure to make a factual showing of a meritorious defense, should not be groundlessly deprived of the benefits of defendant's default. Because the Appellate Rules, in my view, permit an immediate appeal by the aggrieved plaintiff, and because to postpone it until final judgment will dissipate plaintiff's remedy, I dissent from the court's decision to dismiss this appeal and would proceed to determining the sufficiency of the defendant's showing of excusable neglect and a meritorious defense.
NOTES
[1] See Fla.R.Civ.P. 1.500(d):

Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).