380 So.2d 1338 (1980)
Allan C. WEST, Appellant,
v.
Louie L. WAINWRIGHT, Individually and As Secretary of the Department of Corrections; J.C. Combs, Individually and As Assistant Superintendent, F.S.P.; Milton R. Hicks, Individually and As Correctional Officer Chief III, Appellees.
Nos. JJ-116, KK-297.
District Court of Appeal of Florida, First District.
March 20, 1980.
Allan C. West, pro se.
Jim Smith, Atty. Gen., and Jonathan D. Schuman, Asst. Atty. Gen., Tallahassee, for appellees.
ROBERT F. SMITH, Jr., Judge.
The interlocutory appeal in case JJ-116, from an order vacating a default entered by the clerk, is properly taken pursuant to Fla.R.App.P. 4.2(a) (1962). Contrast Fla.R. *1339 App.P.9.130 (1977); Security Motors, Inc. v. Fiat Motors of North America, Inc., 373 So.2d 396 (Fla. 1st DCA 1979). The record sustains the trial court's finding that the clerk improperly entered a default after defendants served papers in the action. Fla.R.Civ.P. 1.500.
The appeal in KK-297 is from an order dismissing appellant's complaint seeking monetary damages for appellees' alleged negligent and malicious injury to appellant, a state prisoner, through "a program of deliberate abuse" consisting of denying dietary and medical treatment of appellant's illness. The complaint was dismissed "without prejudice" on account of appellant's failure to allege that he performed the statutory condition precedent of presenting his claim in writing to the Department of Insurance and appropriate agency. Section 768.28(6), Florida Statutes (1979).
Insofar as appellant's claim was against the state, the order requiring compliance with Section 768.28(6) is correct, and the dismissal without prejudice was appropriate. But insofar as appellant's complaint alleged malicious mistreatment "as a program of deliberate abuse designed to threaten the life of the Plaintiff or to drive him to distress," the complaint stated a cause of action against the appellees individually, for which Section 768.28(6) does not require a written claim upon the state or its agencies. See Section 768.28(9), Florida Statutes (1979); District School Board of Lake County, et al. v. Talmadge, 381 So.2d 698 (Fla. 1980). The trial court erred in dismissing the complaint against appellees individually.
The order appealed in JJ-116 is AFFIRMED; the order appealed in KK-297 is AFFIRMED IN PART, REVERSED IN PART.
ERVIN, J., and MELVIN, WOODROW M., Associate Judge (Ret.), concur.