573 So.2d 194 (1991)
KRASNE-GOLD COAST JOINT VENTURE, a Florida General Partnership, by and through Its General Partners, KRASNE HOLLYWOOD, INC., a Florida Corporation, and Gold Coast Hollywood Corp., a Florida Corporation, Appellants,
v.
ALLIED DRYWALL, INC., Appellee.
No. 90-2192.
District Court of Appeal of Florida, Fourth District.
January 23, 1991.
*195 Kenneth W. Shapiro of Berger & Shapiro, P.A., Fort Lauderdale, for appellants.
William H. Benson of Benson, Stalions & Moyle, Fort Lauderdale, for appellee.
POLEN, Judge.
This case involves an appeal by a property owner (Krasne) against a drywall contractor (Allied), from an order of the trial court vacating its earlier order discharging, vacating and cancelling Allied's mechanic's lien, pursuant to Chapter 713, Florida Statutes (1989).
We reverse and vacate the last order of the trial court, thereby reinstating the prior order which discharged, vacated and cancelled the mechanic's lien. The chronology of events are that Allied filed a claim of lien on April 12, 1990, against Krasne. On May 8, 1990, Krasne filed a three-count complaint, the second count of which sought to discharge Allied's lien. On May 23, 1990, Allied was served with Krasne's complaint and a summons to show cause why the lien described in the complaint should not be enforced by action or vacated and cancelled of record. Allied's counsel filed only a notice of appearance (no response to the summons to show cause) on May 30, 1990. On June 13, 1990, twenty-one days after service of the complaint and summons, the trial court entered an order discharging, vacating and cancelling Allied's lien. The next day, June 14, 1990, on the twenty-second day after Allied was served, Allied served its answer, counterclaim and affirmative defenses. On June 21, 1990, Allied filed a motion to set aside, vacate or for rehearing on the order discharging, vacating and cancelling lien, which was granted July 31, 1990, leading to the instant appeal.
The relevant portions of section 713.21, Florida Statutes (1989), provides:
713.21. Discharge of lien
A lien properly perfected under this chapter may be discharged by any of the following methods:
(4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his lien should not be enforced by action or vacated and cancelled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons, the Court shall forthwith order cancellation of the lien.

(Emphasis added.) In Goldberger v. United Plumbing and Heating, Inc., 358 So.2d 860 (Fla. 4th DCA 1978), this court reversed similar orders vacating the discharge of a mechanic's lien for failure of the lienor to reply to the complaint and summons.
Appellee argues that the concepts of excusable neglect and due diligence, as may pertain to a motion to vacate a default or default judgment, are equally applicable to the order under review. Such concepts would never come into play in proceedings such as the one below, as the statute, the mechanic's lien law, Chapter 713, is one which has been repeatedly held to require strict construction. Cf. Scott v. Premium Dev., Inc., 328 So.2d 557 (Fla. 1st DCA 1976). The language of section 713.21(4), quoted above, is mandatory. "Upon failure of the lienor to show cause why his lien should not be enforced ... within 20 days *196 [the return date of the summons] the Court shall. ..." (Emphasis added.) Further, there is no provision under section 713.21 or otherwise for the court to entertain a motion to vacate an order, such as on the grounds argued below.
Of course, the statute does not contain any prohibition against such procedure, either, but because of the extreme consequences occasioned by the imposition of a mechanic's lien on one's real property, as recognized in Scott and a multitude of other cases dealing with Chapter 713, and because of the appellate court's uniform insistence on strict application of the mechanic's lien law, we hold that any order discharging a mechanic's lien under the quoted subsection, for failure to file a response showing cause why the lien should not remain in force and effect within the twenty-day period, cannot be subject to subsequent review by the trial court on grounds of excusable neglect and due diligence.
We therefore reverse the order of the trial court vacating the order which discharged the lien.
GUNTHER and WARNER, JJ., concur.