966 So.2d 434 (2007)
Robert R. RUFFOLO and Stephany Ruffolo, Appellants,
v.
PARISH & BOWMAN, INC., a Florida profit corporation, Appellee.
No. 1D07-978.
District Court of Appeal of Florida, First District.
September 18, 2007.
Rehearing Denied October 16, 2007.
*435 Bruce P. Anderson of Broad and Cassel, Destin; Jennifer A. Winegardner of Broad and Cassel, Tallahassee, for Appellants.
D. Michael Chesser and Allison R. Sebastian of Chesser & Barr, P.A., Shalimar, for Appellee.
THOMAS, J.
Appellants argue that the trial court erred by granting Appellee's motion for reconsideration and failing to vacate Appellee's mechanic's lien pursuant to section 713.21(4), Florida Statutes (2006). We agree; therefore, we reverse and remand with instructions to vacate the lien.
A construction contract was entered into between Appellants and Appellee. Appellee later filed a claim of lien alleging that Appellants owed it $190,659.53. Appellants then filed a petition for order to show cause pursuant to section 713.21(4), Florida Statutes (2006), arguing that Appellee's lien was fraudulent and should be discharged.
On November 8, 2006, the trial court issued a Summons/Order to Show Cause, requiring that Appellee file suit to enforce its lien or show cause within 20 days as to why its lien should not be discharged. At the hearing on November 17, 2006, Appellee advised the court that it was prepared to immediately file suit to enforce its lien. The court issued an order stating that Appellee would file suit by November 28, 2006, or its lien would be discharged.
Appellee did not file suit by November 28; instead, it filed a motion for reconsideration on December 6, 2006, arguing that the court erred by finding that it would file suit by November 28, 2006, as it had only advised the court that it would file suit within 20 days of the November 17 hearing. Additionally, Appellee noted that the court's written order was mailed the day after its deadline to file suit expired.
At the hearing on Appellee's motion for reconsideration, Appellee's counsel explained that he was confused because he received the court's order after its deadline to file suit had expired. He also explained that, although he was ready to file the complaint on November 17, he delayed filing, as he was waiting to hear from his client regarding whether he wished to exercise his right to arbitrate the dispute or proceed to litigation. Counsel informed the court that suit was filed on December 12, 2006.
The trial court granted Appellee's motion for reconsideration, finding that it conducted a timely show cause hearing and that the confusion caused by its order may have led Appellee to file suit after the November 28 deadline. The trial court discharged its previous order and refused to enter a final judgment discharging Appellee's lien.
*436 Determining whether the trial court erred by refusing to discharge Appellee's lien presents a legal question and, as such, is subject to de novo review. See S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317, 319-20 (Fla.2005).
Section 713.21, Florida Statutes (2006), states:
Discharge of lien.-A lien properly perfected under this chapter may be discharged by any of the following methods:
* * *
(4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his or her lien should not be enforced or the lienor's failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
"The `language of [section 713.21(4)] requires that an action for enforcement be filed within 20 days or that cause be shown within that period why enforcement should not be commenced.'" Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc., 828 So.2d 1069, 1070 (Fla. 4th DCA 2002) (quoting Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573, 574 (Fla. 4th DCA 1980)). When a property owner invokes section 713.21(4), a lienor must strictly comply with section 713.21(4) in order to preserve its lien, and a trial court is without discretion to deviate from the statutorily specified time limits. Sturge v. LCS Dev. Corp., 643 So.2d 53, 55 (Fla. 3d DCA 1994).
Because Appellants invoked section 713.21(4) and the court issued its show cause order on November 8, 2006, Appellee had 20 days from that date in which to either file an action to foreclose its lien or show cause why enforcement should not be commenced. See Goldberger v. United Plumbing & Heating, Inc., 358 So.2d 860, 863 (Fla. 4th DCA 1978). As Appellee failed to do either of these by the end of the 20-day deadline, November 28, 2006, the trial court was required to vacate and cancel its lien, and failure to do so constitutes reversible error. See id.
We reject Appellee's argument that it showed good cause to avoid the 20-day time limit by its appearance at the November 17 hearing. Although the trial court found that it conducted a timely show cause hearing, it did not find that Appellee showed good cause to avoid the 20-day time limit, nor did it specify the reason Appellee could delay filing an enforcement action. Section 713.21(4) states that a lienor must show cause within 20 days in order to avoid the time limit, not that the court must conduct a hearing within 20 days.
Further, it appears that the trial court had no need to extend the 20-day time limit, as Appellee's counsel stated at the hearing that it was prepared to immediately file suit. Representation of plans to file suit cannot constitute good cause for delay, as it would permit a party to delay indefinitely the filing of its lawsuit, thus defeating the purpose of section 713.21(4). See W.R. Scott v. Premium Dev., Inc., 328 So.2d 557, 559 (Fla. 1st DCA 1976) (recognizing that a lien has a drastic effect on land development; therefore, the legislature provided a quick remedy which affected parties can use to demonstrate a valid lien). While Appellee's counsel cited confusion over the trial court's order and waiting to hear from his client as its reasons *437 for delay in filing suit, we conclude that neither of these reasons provide a basis for the trial court to grant its motion for reconsideration and avoid discharging its lien.
Absent informing the court that a lienor has already taken steps to foreclose its lien, rarely does a circumstance rise to the level of "good cause" to avoid the mandatory 20-day time limit. See Goldberger, 358 So.2d at 863 (holding that the trial court improperly discharged a lien when the lienor informed the court that it had already taken steps to foreclose its lien in a separate pending action). Here, Appellee did not inform the court that it had taken steps to enforce its lien within the 20-day period, but instead argued that it had been confused and stated that it filed suit on December 12, long after the 20-day period expired. Similarly, counsel's failure to communicate with his client cannot constitute good cause. See Krasne-Gold Coast Joint Venture v. Allied Drywall, Inc., 573 So.2d 194, 195 (Fla. 4th DCA 1991) (holding that, based on mandatory language in section 713.21(4), the concepts of excusable neglect and due diligence have no application and fail to provide the grounds upon which a trial court may grant a motion to vacate an order discharging a lien).
Because Appellee failed to either file an action within 20 days of the trial court's show cause order or show good cause within 20 days why the court should delay the time limit, the trial court had no discretion and was required to vacate and discharge Appellee's lien. Accordingly, we reverse the trial court's order granting Appellee's motion for reconsideration, and remand with instructions to discharge its lien. We note that cancellation of Appellee's lien does not leave it without a remedy, as it may enforce its contractual claim. Dracon Constr., 828 So.2d at 1071.
REVERSED and REMANDED with instructions consistent with this opinion.
BENTON and HAWKES, JJ., concur.