KELLY, Judge.
 

 Christopher and Lynette Unnerstall seek review of an order that denies their motion to discharge Designerick, Inc.’s construction lien on their property. They argue that Designerick’s answer and counterclaims failed to strictly comply with the requirements of section 713.21(4), Florida Statutes (2008),
 
 [1]
 
 to avoid cancellation of the lien. Although the Unnerstalls filed a petition for a writ of certiorari in this court seeking to have the lien discharged, we treat the petition as one for mandamus and grant the petition.
 
 See Brookshire v. GP Constr. of Palm Beach, Inc.,
 
 993 So.2d 179 (Fla. 4th DCA 2008) (holding that mandamus is the appropriate vehicle to compel the trial court to discharge a lien).
 

 Designerick recorded a claim of lien against the Unnerstalls’ property because the Unnerstalls failed to pay the balance of $21,985 due for the installation of cabinets. The Unnerstalls filed a complaint to cancel the lien and for an order to show cause. Designerick responded with an answer to the complaint asserting affirmative defenses and counterclaims alleging breach of oral contract, open account, and unjust enrichment. When the Unnerstalls moved to discharge the lien, Designerick served its opposition to the motion to discharge the lien, stating that it had properly filed its counterclaims within the twenty days, as required by section 713.21(4). The trial court denied the motion to discharge the lien on the ground that Desig-
 
 *902
 
 nerick’s counterclaims satisfied the requirements of the statute.
 

 The language of the lien discharge statute requires that an action for lien enforcement be filed within twenty days or that cause be shown within that period why enforcement should not be commenced. § 713.21(4);
 
 Matrix Constr. Corp. v. Mecca Constr., Inc.,
 
 578 So.2d 388, 389 (Fla. 3d DCA 1991) (noting that “one whose property has been liened is granted the right to initiate a petition creating a twenty-day limit in which to assert by counterclaim or otherwise a foreclosure of the lien under section 713.21(4)”). When a property owner invokes the statute, a lien- or must strictly comply with the statute in order to preserve its lien.
 
 Ruffolo v. Parish & Bowman, Inc.,
 
 966 So.2d 434 (Fla. 1st DCA 2007).
 

 Designerick argues that its counterclaims were sufficient to avoid discharge, citing
 
 Mainlands Construction Co. v. Wen-Dic Construction Co.,
 
 482 So.2d 1369 (Fla.1986), in support of its argument.
 
 Mainlands
 
 is distinguishable from this case because the lienor in
 
 Mainlands
 
 sought foreclosure of the mechanic’s lien in its counterclaim.
 
 Id.
 
 In contrast, Desig-nerick did not request foreclosure, but instead alleged breach of contract and other causes of action seeking money damages. The assertion of these causes of action did not preserve its right to pursue foreclosure of the lien.
 
 See Brookshire,
 
 993 So.2d at 180 (holding that the lienor’s motion to arbitrate filed in response to a complaint to discharge the lien did not meet the requirement of the statute that an action to enforce the lien be commenced within twenty days);
 
 Dracon Constr., Inc. v. Facility Constr. Mgmt., Inc.,
 
 828 So.2d 1069, 1071 (Fla. 4th DCA 2002) (holding that the lienor’s barebones answer did not comply with the statutory requirement that an action to enforce the lien be filed or cause be shown why no action need be commenced within the twenty-day period). Consequently, we grant the petition and direct the trial court to discharge the lien.
 
 [2]
 

 Petition granted.
 

 WHATLEY, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
 

 [1]
 

 . Section 713.21, states, in pertinent part:
 

 A lien properly perfected under this chapter may be discharged by any of the following methods:
 

 (4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lien- or to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his or her lien should not be enforced or the lien- or’s failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
 

 [2]
 

 . Cancellation of the lien does not leave De-signerick without a remedy; it still may enforce its contractual claims.
 
 See
 
 § 713.30, Fla. Stat. (2008);
 
 Ruffolo,
 
 966 So.2d at 437.