# Third District Court of Appeal
## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0109
Lower Tribunal No. 24-10318-CA-01
_____


**Jorge Hernandez,**
Appellant,

vs.

**Burleigh House Condominium, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Valiente, Carollo & McElligott, PLLC, and Matthew McElligott, for appellant.

Bogen Law Group, P.A., and Veronica Doss and Mark D. Bogen (Coral Springs), for appellee.


Before SCALES, C.J., and LINDSEY and LOBREE, JJ.

SCALES, C.J.

Appellant Jorge Hernandez, the plaintiff below, appeals a December 19, 2024 final summary judgment in favor of the defendant below, Burleigh House Condominium, Inc. ("Burleigh House") on Hernandez's unjust enrichment claim that seeks damages for unpaid restoration services. We reverse the challenged judgment and remand for further proceedings because the trial court erred in finding that Hernandez's unjust enrichment claim is barred by Florida's Construction Lien Law, Chapter 713, part I, Florida Statutes (2022).

I. **Relevant Background**

Hernandez is the former owner of First Response Restoration Team, LLC ("First Response"), a provider of restoration services to damaged property. In October 2022, Burleigh House allegedly hired First Response, pursuant to an oral agreement, to repair property that had been damaged in a fire. First Response allegedly completed the repairs on or about October 17, 2022, billing Burleigh House $155,147.14 for its services. Burleigh House, though, refused to make any payment to First Response.

On December 20, 2022, Hernandez, acting on behalf of First Response, recorded a claim of lien against Burleigh House's property for the unpaid repairs. See § 713.02, Fla. Stat. (2022) (creating the right to a lien on real property with respect to services that improve the property); § 713.08,

2

Fla. Stat. (2022) (prescribing the recordation requirements for a claim of lien). On January 11, 2023, Burleigh House recorded a notice contesting First response's claim of lien. See § 713.22(2), Fla. Stat. (2022). First Response then had sixty days (until March 13, 2023), to file an action to enforce its claim of lien or the lien would be "extinguished automatically." Id. First Response, though, took no further action and its claim of lien was extinguished by operation of law.

In September 2024, Hernandez – who by this time had sold First Response to a third party but allegedly retained First Response's accounts receivable – filed the instant unjust enrichment lawsuit against Burleigh House in the Miami-Dade County circuit court. Hernandez's operative amended complaint seeks $155,147.14 in damages for the unpaid restoration work that First Response had allegedly performed at Burleigh House's property. Burleigh House filed a responsive pleading and then moved for summary judgment.

In its summary judgment motion, Burleigh House argued that Hernandez's lawsuit is time-barred by section 713.22(2) of the Florida Statutes. Burleigh House asserted that Hernandez's unjust enrichment claim essentially seeks to enforce the lien that was extinguished when First Response failed to timely file a lien enforcement action after Burleigh House

3

recorded its notice of lien contest. In response, Hernandez asserted that his lawsuit is not time barred because section 713.30 of the Florida Statutes (2022) expressly permits a lienor to pursue other contractual remedies.[1]

After holding a summary judgment hearing, the trial court entered the challenged final summary judgment in favor of Burleigh House. In its summary judgment order, the trial court, relying principally on this Court's opinion in Doral Collision Center, Inc. v. Daimler Trust, 341 So. 3d 424 (Fla. 3d DCA 2022), held that Hernandez's unjust enrichment claim "is based on precisely the same services upon which the Claim of Lien was based," and that Hernandez cannot "circumvent" section 713.22(2)'s time requirements for filing a lien enforcement action by "calling the lien claim one for unjust enrichment." Further, the trial court held that "Florida Statute § 713.30 does not save [Hernandez] because his unjust enrichment claim is not an action at law as required by that statute." Hernandez timely appealed the trial court's final summary judgment.

## II.    Analysis[2]

---

[1] On appeal, the parties make the same arguments they asserted below.

[2] "We review questions of statutory interpretation and the trial court's grant of summary judgment de novo." Fla. Retail Fed'n, Inc. v. City of Coral Gables, 282 So. 3d 889, 892 (Fla. 3d DCA 2019).

The issue in this case is whether the Construction Lien Law's extinguishment of First Response's construction lien also extinguished Hernandez's common law unjust enrichment claim. Based on the express language of section 713.30, and an unbroken line of Florida cases, we conclude that Hernandez's unjust enrichment claim was not extinguished.

"Chapter 713 of the Florida Statutes, entitled 'Construction Lien Law,' establishes a statutory framework for establishment and enforcement of construction liens by subcontractors, laborers and materialmen." Trump Endeavor 12 LLC v. Fernich, Inc., 216 So. 3d 704, 707 (Fla. 3d DCA 2017). The law provides "a security device in the form of a mechanic's lien to secure the payment of sums otherwise due and owing." Tropical Supply Co. v. Verchio, 402 So. 2d 1284, 1286 (Fla. 4th DCA 1981). But the law "does not purport to change, except in a very limited way, the rights and duties arising out of a sale or a contract to pay money." Id. Importantly, the law expressly provides that a construction lien is not an exclusive remedy that precludes a lienor from maintaining an action at law to collect on an unpaid debt:

> This part shall be **cumulative** to other existing remedies and nothing contained in this part shall be construed to prevent any lienor or assignee under any **contract** from maintaining an action thereon at law in like manner as if he or she had no lien for the security of his or her debt, and the bringing of such action shall not prejudice his or her rights under this part, except as herein otherwise expressly provided.

5

§ 713.30, Fla. Stat. (2022) (emphasis added). Further, the Construction Lien

Law defines "contract" as "an agreement for improving real property, written

**or unwritten**, express **or implied**, and includes extras or change orders." §

713.01(6), Fla. Stat. (2022) (emphasis added).

Indeed, it is well settled that the discharge of a construction lien does

not preclude a lienor from pursuing other contractual remedies that are

available under the common law.[3] This includes, as here, quasi contract

(implied in law) claims for unjust enrichment that seek damages. See

Unnerstall v. Designerick, Inc., 17 So. 3d 900, 902 n.2 (Fla. 2d DCA 2009)

(directing the trial court to discharge a construction lien for the lienor's failure

to strictly comply with Chapter 713's requirements, but noting that the lienor

---

[3] See, e.g., Ruffolo v. Parish & Bowman, Inc., 966 So. 2d 434, 437 (Fla. 1st
DCA 2007) (concluding that a contractor's construction lien must be
discharged for failing to strictly comply with Chapter 713's requirements, but
observing that "cancellation of [the] lien does not leave [the contractor]
without a remedy, as it may enforce its contractual claim."); Summerton v.
Mamele, 711 So. 2d 131, 133 (Fla. 5th DCA 1998) ("While Summerton may
have forfeited his right to enforce a lien by failing to file a contractor's
affidavit, he did not forfeit his right to pursue the available remedies for
breach of contract, including an award of prejudgment interest."); accord
Hiller v. Phoenix Assocs. of S. Fla., Inc., 189 So. 3d 272, 275-76 (Fla. 2d
DCA 2016) (recognizing that, while the lienor's "failure to bring an action
against the surety within a certain time period after the transfer [of the
construction lien to a bond] results in the extinguishment of the right to make
a claim on the bond," the lienor "is still free to pursue its underlying contract
claims").

"still may enforce its contractual claims" for breach of oral contract, open account, and *unjust enrichment*); Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So. 2d 383, 389-90 (Fla. 4th DCA 1997) ("The construction lien statutes of some states preclude, or have been construed to preclude, the maintenance of a quasi contract claim. Florida's construction lien statute contains no similar limitation on a lienor's potential remedies. . . . [I]n Florida, . . . all implied contract actions were part of the action of assumpsit, which was an action at law under the common law.") (citations omitted).[4]

In granting Burleigh Home's summary judgment motion, the trial court principally relied upon this Court's Doral Collision Center decision. Our Doral Collision Center case, though, considered whether Florida's Motor Vehicle Repair Act[5] precluded a vehicle repair shop's unjust enrichment claim, *not*

---

[4] The trial court was seemingly concerned because unjust enrichment claims are equitable in nature. See Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 694 (Fla. 3d DCA 2018). But as this Court observed in Duty Free World, "the use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as opposed to a legal, remedy." Id. Where, as here, an unjust enrichment claim seeks the payment of damages, it is an action at law. Id. at 695.

[5] The Motor Vehicle Repair Act is a consumer protection statute that requires vehicle repair estimates be in writing "to protect consumers from misunderstandings arising from oral estimates of motor vehicle repairs and the legal disputes and litigation that follow the fact that repairs have been

7

whether a construction contractor's unjust enrichment claim is precluded by Florida's Construction Lien Law.[6]

Moreover, Florida's Motor Vehicle Repair Act does not contain a provision similar to section 713.30 of Florida's Construction Lien Law that expressly preserves a contractor's alternate remedies. Nor is there a body of caselaw interpreting Florida's Motor Vehicle Repair Act that so plainly authorizes a lienor – whose statutory lien has been extinguished – to pursue common law remedies. Doral Collision Center is simply not applicable to the instant case.

**III.    Conclusion**

---

made prior to their resolution." Lieberman v. Collision Specialists, Inc., 526 So. 2d 102, 103 (Fla. 4th DCA 1987).

[6] Relying on Osteen v. Morris, 481 So. 2d 1287, 1290 (Fla. 5th DCA 1986) – wherein the Fifth District found that the 1986 version of the Motor Vehicle Repair Act precluded a repair shop's quantum meruit claim – the Doral Collision Center court found that the 2018 version of the Motor Vehicle Repair Act similarly precluded a repair shop's unjust enrichment claim. Two years after our Doral Collision Center decision issued, however, the Florida Supreme Court called Osteen and its progeny into doubt, concluding that Osteen's rationale for disallowing a quantum meruit claim "is not a reliable guide to the Repair Act in its current form." Gov't Emps. Ins. Co. v. Glassco Inc., 394 So. 3d 1115, 1121 (Fla. 2024). Disregarding Osteen as inapplicable to the 2016-2019 versions of the Act, the Florida Supreme Court determined that a repair shop's failure to provide a written repair estimate does not void a repair invoice for completed repairs so as to preclude the repair shop from being paid. Id. at 1120-21.

We reverse the summary judgment for Burleigh House and remand for further proceedings.[7]

---

[7] We express no opinion on the merits of Hernandez's claim or any other defenses raised by Burleigh House.